IIEARD APRIL TERM, 1876.

WOLF *vs.* HAMBERG.

In an action on an unliquidated demand, as, for instance, an open account, the plaintiff was not entitled to enter judgment by default before the Clerk, under $\S$ 269 of the Code of Procedure.

BEFORE CARPENTER, J., AT RICHLAND, JUNE, 1875.

This was an action by Elias Wolf and others, trading under the firm of Wolf, Mayer & Co., against C. Hamberg.

The case is sufficiently stated in the opinion of this Court.

*Wingate*, for appellant.

*Barnwell*, contra.

July 16, 1876.   The opinion of the Court was delivered by

WRIGHT, A. J.   This is an appeal from the refusal of His Honor the presiding Judge of the Fifth Circuit to grant a motion sub. mitted by the appellant to set aside a judgment entered on February 23, 1875, as of default against him by the Clerk of the Court for the County of Richland on a summons and complaint issued on an open account, wherein the respondents are the plaintiffs.   As the motion must prevail on the second ground, which denies the authority of the Clerk to enter a judgment on the cause of action set forth in the complaint, it is not necessary to consider the first ground, which involves the validity of the Act approved November 25, 1873, "to alter and amend the Code of Procedure, being Title V, Part III, of the General Statutes," (15 Statutes at Large, 495,) and which by its twenty-first Section declares "that no judgment shall be obtained in the Court of Common Pleas except during the term time and in open Court."   The complaint was on an account for goods sold and delivered, a copy of which was filed, giving the dates and prices, and an enumeration of the articles which composed it, amounting to $2,211, with a demand for judgment for the said sum, with interest from the 13th January, 1874.   The summons also notified the defendant that, on failure to answer the complaint, the plaintiff would take judgment for the sum mentioned with interest and costs.

The Clerk accordingly, at the expiration of the notice, on failure of answer, gave judgment for the amount demanded, and his right

to do so was charged as error, and so submitted to the Circuit Judge on the motion before him to vacate the judgment.

The 269th Section of the Code provides that "judgment may be had if the defendant fail to answer the complaint as follows: 1st. In any action arising on contract for the recovery of money only, the plaintiff may file with the Clerk proof of personal service of the summons and complaint on one or more of the defendants, or of the summons, according to the provisions of Section 153, and that no answer has been received. The Clerk shall thereupon enter judgment for the amount mentioned in the summons against the defendant or defendants, or against one or more of several defendants, in cases provided in Section 159." The remaining subdivision of the Section it is not necessary to repeat here.

While the New York cases in regard to the like provision of their Code agree that the said first subdivision above cited must be held to refer to an action arising under a contract for the payment of money, they are everything but harmonious as to the character of even such a contract to authorize a recovery in the mode designated, and more especially are they contradictory in relation to the nature of the debt which will sustain a recourse for judgment to the said modes. It may be safely said that the New York authorities agree that, to give jurisdiction under the said subdivision, the summons must refer only to a judgment to be taken on a liquidated demand. In Waite's Practice, (Vol. 1, p. 479,) it is said: "That the second subdivision of Section 120 of the Code (which corresponds with our 269th Section) contains the proper notice in all actions for unliquidated damages on contracts, express or implied, has been repeatedly asserted in nearly every case before cited in this Section. The same rule is still further sanctioned in the cases of *Garrison* vs. *Carr*, 3 Abb., (N. S.,) 266; S. C., 34 How., 187; *Saltus* vs. *Ralph*, 15 Abb., 273; *Johnson* vs. *Paul*, 14 How., 454; S. C., 6 Abb., 335, note."

Thus it would seem that in New York, in an action for money, where the defendant fails to appear and answer, a judgment could not be rendered by the Clerk if the amount sought to be recovered was not liquidated.

We must look, then, to the decisions of our State, and not to those of New York, to ascertain in what light a demand on an open account for goods sold and delivered is regarded,—whether it is

considered as a sum conceded and admitted to be due or depending on proof through which the sum really due is to be established.

In South Carolina, an open account is recognized as no more than a claim for unliquidated damages.—*Skirring* vs. *Executors of Bobo*, 2 Bay., 233; *Elliott Executors* vs. *Minott*, McC., 79; *Bishop* vs. *Ross*, Rich. L., 22.

It is not an interest-bearing claim, because not specific and certain as to the amount due, and which, in the absence of some written admission by the party to be charged, remains unliquidated until converted into a specific sum by the verdict of a jury.

The summons here, too, shows that the sum which the defendant may really owe cannot be ascertained without a resort to extrinsic evidence.

If an open account is not entitled to interest, and the summons claims it from a certain day, it implies that some memorandum, note or admission has been made by the defendant acknowledging the sum and at what time due. This must necessarily be maintained by testimony outside of the summons and complaint. The amount, then, as set forth in the summons is not liquidated so far as it therefrom appears, and cannot be properly converted into a judgment under the subdivision of the Section of the Code already referred to.

It is ordered that the judgment be set aside, with leave to the defendant within thirty days from the filing of this opinion to answer or demur, with leave also to the plaintiff within the same time to amend their summons and complaint if they so desire.

*Moses,* C. J., and *Willard,* A. J., concurred.

———— ◄◦► ————

HEARD APRIL TERM, 1876.