In re VON BORCKE.

(District Court, D. New Jersey. April 24, 1899.)

BANKRUPTCY—TIME OF FILING PETITION.

A petition in bankruptcy is to be deemed "filed," within the meaning of the bankruptcy law, when it is delivered personally to the clerk of the court of bankruptcy, and received by him for the purpose of being kept on file, though not at his office, nor during office hours.

In Bankruptcy. Wolf S. A. Von Borcke, the alleged bankrupt, gave a chattel mortgage on his property to a trustee to secure certain of his creditors; the same being dated October 31, 1898, and recorded November 3, 1898. A petition in involuntary bankruptcy against him, alleging the giving of such mortgage as an act of bankruptcy, was placed in the hands of the clerk of the district court, at his residence, at 8 o'clock in the evening of March 3, 1899, and was taken by the clerk to his office on the following day. Counsel for the bankrupt, contending that the petition had not been "filed" within four months after the commission of the alleged act of bankruptcy, sued out a rule on the petitioning creditors to show cause why the petition should not be marked filed as of March 4, 1899. Rule discharged.

Joseph Anderson, for petitioning creditors.
William M. Dougherty, for bankrupt.

KIRKPATRICK, District Judge. It appears from the testimony which has been taken in this matter, and from the file mark on the papers, that the petition for the adjudication of Von Borcke as a bankrupt was delivered to the clerk of this court, in person, on the third day of March last, at 8 o'clock p. m. It is beyond dispute that the clerk was the proper officer to receive the petition, and there is no denial of the fact that it was delivered to, and received by, him for the purpose of being kept on file. "A paper is said to be on file when it is delivered to the proper officer to be kept on file." 7 Am. & Eng. Enc. Law, p. 960. The test of filing seems to be whether the officer in whose custody the paper is placed is the one entitled to retain the same. It was upon the ground that the person to whom the paper was delivered was not such officer authorized by law to retain its custody, but merely the messenger of such officer, that the decision of Garlick v. Sangster, 9 Bing. 46, was rested. The paper had not reached the hands of the court's custodian.

The case of People's Sav. Bank & Trust Co. v. Batchelder Egg Case Co., 4 U. S. App. 609, 2 C. C. A. 126, and 51 Fed. 130, is very much in point. There the law required certain papers to be "filed" before

a writ of attachment could be issued. These papers were delivered to the clerk outside of his office, after office hours, and by him marked "Filed." The attachment issued immediately, and before the papers so marked had actually reached the clerk's office. The United States circuit court of appeals for the Eighth circuit held that the levy made by virtue of the writ issued under these circumstances was valid, saying that a construction of the law such as is contended for in this matter "would be too narrow and technical for the practical and business methods that should obtain in the administration of the law." I am of the opinion that the petition in this cause was filed on March 3, 1899, as appears by the indorsement of the clerk thereon, verified by the testimony adduced on the hearing. The rule heretofore granted in the cause will be discharged.