(December 1, 1917.)

## D. W. PENDREY and WM. B. PENDREY, Copartners, Doing Business as PENDREY & SON, Respondents, v. JOHN R. BRENNAN, Appellant.

[169 Pac. 174.]

CONTRACT—DEFAULT AND JUDGMENT—DEMURRER—FILING OF.

1. The allegations in the complaint in this case examined and *held* that the action is one upon contract within the terms of subd. 1 of sec. 4360, Rev. Codes.

2. *Held,* further, that the term "filed," as used in said subd. 1 of sec. 4360, requires that the paper sought to be filed must be deposited with or placed in the custody of the officer whose duty it is to receive it, and is not complied with by depositing such paper in the postoffice addressed to the officer.

3. The failure of a complaint to contain an allegation that certain work and repairs had been inspected and approved, as provided in the contract therefor, is not fatal to a judgment based on such complaint when the defect is called to the attention of the court for the first time after judgment.

APPEAL from the District Court of the Fifth Judicial District, for Bear Lake County. Hon. J. J. Guheen, Judge.

Action on contract. Judgment for plaintiffs. *Affirmed.*

Thomas L. Glenn and John A. Bagley, for Appellant.

If one contracts to do work subject to the approval of the agent of the other, such an approval is an essential prerequisite to the right of action for the price. (*Denver etc. Ry. Co. v. Riley,* 7 Colo. 494, 4 Pac. 785; 3 Am. & Eng. Ency. of Law, 911; 9 Cyc. 700, 702; *Olympia Mining & Mill Co. v. Kerns,* 24 Ida. 481, 135 Pac. 255.)

A condition in contract to refer any question which may arise out of the contract will be, if so stated, a condition precedent to the right to sue on the contract. (6 R. C. L. 905.)

A sum of money payable on a contingency does not become a debt until the contingency has happened. (*People v. Arguello,* 37 Cal. 524.)

Budge & Merrill, for Respondents.

In order to prevent a default, the defendant must see to it that his appearance is filed with the proper officer, and to file it means to deposit it with the proper custodian for filing or custody and the tender of the legal fee as provided by law. (*O'Connor v. Board of Commrs.,* 17 Ida. 346, 105 Pac. 560.)

"An action lies against one into whose hands money belonging to plaintiff can be traced, as well as where he received the money in the first instance." (*Levine v. Klein,* 65 Misc. Rep. 498, 120 N. Y. Supp. 196; 27 Cyc. 869.)

This is clearly an action for money had and received and is an action upon contract, that is, an action wherein the law implies a promise that one person will pay money in his possession to another. (*Jackson v. Creek,* 47 Ind. App. 541, 94 N. E. 416; 27 Cyc. 857, 869.)

It might have been better pleading to have alleged specifically that plaintiffs had secured appellant's approval of the work,—still, the complaint is not defective in the sense that it is not sufficient to support the judgment. (*Wyman v. Hooker,* 2 Cal. App. 36, 83 Pac. 79; *Fox v. Cowperthwait,* 60 App. Div. 528, 69 N. Y. Supp. 912; *West v. Johnson,* 15 Ida. 681, 99 Pac. 709.)

COWEN, District Judge.—The allegations of the complaint involved in this action are that Pendry & Son, the respondents here, entered into an agreement with one W. D. Ream, with whom they were then litigating a claim for a balance claimed to be due on a contract for the installation of a heating plant in the residence of Ream. There being some defects in the installation, the respondents agreed with Ream to repair such defects on or before the following 25th day of December, and it was also agreed that the balance claimed to be due upon the contract, $400, should be deposited with one John R. Brennan, appellant herein, to be

delivered to respondents at such time as the repairs should be completed by them and approved by Brennan, and it was mutually agreed that the appellant, Brennan, should act as inspector and approve the work if done according to his judgment in accordance with the original contract and in accordance with his instructions, and that when the work should be approved by him the money deposited with him was to be paid over to respondents. And the action between respondents and Ream was compromised in this manner. The complaint further alleges that the respondents completed their specified work and repairs by the 25th day of December and complied in all respects with the terms and conditions of their agreement of settlement, and that at various times since the completion of the work they had demanded their $400 from the appellant, Brennan, but he had refused to pay the same to them.

The respondents thereupon commenced their action against the appellant to recover the $400. Summons in the action was served on the appellant on April 27, 1916, and default was applied for and the clerk entered default against the appellant on May 18, 1916, and immediately following entry of default the clerk entered a default judgment against the appellant on the same date.

On June 8, 1916, the appellant, by his attorneys, filed a motion to set aside the judgment of May 18th upon the ground, as alleged in their motion, that the defendant was not in default at the time the default was entered; that the clerk of the district court did not have authority or jurisdiction to enter judgment in the case, and that no evidence was taken on behalf of the respondents as to their right to recover judgment. They supported their motion by an affidavit, and upon the hearing of the motion some testimony was taken, from all of which it appears that a demurrer to the complaint was prepared by appellant's attorneys on May 17th, which was the last day in which their appearance could be entered, and was mailed to the clerk of the court at the county seat, a point some ten miles distant from the place of residence of the attorneys, and at the same time mailed a

copy of the demurrer to respondents' attorneys, who lived at Pocatello, some 100 miles distant. It appears further that the clerk of the court did not receive the demurrer until after he had been directed by counsel for the respondents to enter the default and judgment. The district court denied the motion of the appellant to set aside the judgment and the defendant in the action below appealed.

Two questions arise upon the appeal: Did the complaint state a cause of action upon which the clerk of the court could enter judgment under the provisions of subd. 1, sec. 4360, Rev. Codes, and was the defendant in the court below in default at the time the default was entered?

We think the action is clearly within the provisions of subd. 1, sec. 4360, which provides that in an action arising upon a contract for the recovery of money or damages only, if no answer has been filed with the clerk of the court within the time specified in the summons, default must be entered upon the application of the plaintiff. It is true that the original contract of settlement was between the respondents and the defendant Ream in the first action, but when the appellant Brennan accepted the $400 to be paid to Pendrey & Son, he impliedly agreed with Pendrey & Son to pay the same over when they had performed the terms of their agreement, which they allege they did. The agreement upon which this action is based is the implied agreement of Brennan to turn over the money, and the agreement of settlement between Pendrey & Son on the one side and Ream on the other was a mere incident leading up to Brennan's agreement with Pendrey & Son.

The appellant urges, however, that the complaint fails to state a cause of action because there is no allegation that the work had been inspected and approved by Brennan prior to action brought against him. But as every reasonable intendment must be resolved in favor of the pleading to support the judgment and the objection urged is more in the nature of an ambiguity and uncertainty than a fatal defect, this contention cannot avail to defeat the judgment. (*Wyman v. Hooker*, 2 Cal. App. 36, 83 Pac. 79.)

The second contention of the appellant must also be resolved against him. This contention is to the effect that when his demurrer to the complaint was deposited in the postoffice on May 17th, the filing was complete within the meaning of the law. If the contention were confined to the service of the demurrer by mail, the contention of the appellant might be conceded, but as we understand it, a different rule applies with reference to the filing of a paper. To file the demurrer it must be deposited with, or placed in the custody of, the proper officer, whose duty it is to place his filing mark upon it, and it is incumbent upon the party filing to see that the paper is so deposited or placed in the custody of such officer before he may claim that it is properly filed. The clerk was clearly acting within his rights and in the performance of his bounden duty when upon May 18th, prior to the receipt of the appellant's demurrer, he entered the default and judgment upon the application of the respondents' attorneys.   (19 Cyc. 528–530.)

It follows, therefore, that the court did not commit error in refusing to set aside the default, and the judgment must be affirmed. It is accordingly so ordered, with costs to respondents.

Morgan and Rice, JJ., concur.