(June 1, 1922.)

## J. T. WOODLAND, Appellant, v. T. H. HODSON, Respondent.

[207 Pac. 715.]

FINDING OF TRIAL COURT ON CONFLICTING EVIDENCE NOT DISTURBED ON
APPEAL—REAL PROPERTY—DIVISION LINE—ESTABLISHMENT OF.

1. Where the evidence is conflicting and there is substantial evidence to support a finding, it will not be disturbed on appeal.

2. *Held,* that there is substantial evidence in the record to support a finding by the trial court that appellant and respondent agreed about the year 1909 or 1910 to abandon the boundary and fence line between their respective tracts of land as theretofore established, and to establish their boundary and fence line on the true division line.

APPEAL from the District Court of the Sixth Judicial District, for Bingham County. Hon. F. J. Cowen, Judge.

Action to quiet title to real property and enjoin removal of crops therefrom. Judgment for defendant. *Affirmed.*

A. S. Dickinson, for Appellant, cites no authorities on point decided.

G. F. Hansbrough, for Respondent.

The question as to whether or not the parties in this case entered into an agreement to abandon the boundary line between their lands established by Gray and Keeney was a question of fact for the jury, and the jury having found under the evidence that the plaintiff and defendant entered into such agreement, if there is substantial evidence to support such finding it will not be disturbed. (*Miller v. Blunck,* 24 Ida. 234, 133 Pac. 383; *Davidson Grocery Co. v. Johnston,* 24 Ida. 336, Ann. Cas. 1915C, 1129, 133 Pac. 929; *Montgomery v. Gray,* 26 Ida. 583, 585, 144 Pac. 646; *Cameron Lumber Co. v. Stack-Gibbs Lumber Co.,* 26 Ida. 626, 144 Pac. 1114; sec. 7170, C. S.)

BUDGE, J.—This is an action to quiet title to a small tract of land and to enjoin the removal of crops therefrom by respondent.

From the record it appears that appellant is the owner of the NE. ¼ of section 6, T. 3 S., R. 36 E., B. M., and that respondent is the owner of the NW. ¼ of said section; that said tracts were formerly owned by John Gray and Jacob Keeney, respectively, who in 1880, or thereabouts, established a division line and jointly constructed a fence between these properties, according to which the lands were claimed and occupied not only by them but also by appellant and respondent after they became the owners thereof, until in 1909, when both parties doubting the correctness of the original line, a surveyor, James Young, was employed to locate the true boundary line, but not being satisfied with the line so established, in July, 1910, the then county surveyor, A. E. Christensen, was employed by these and other parties to establish the line here involved as well as certain other lines in the neighborhood; that appellant interested himself in having this latter survey made, called upon respondent several times, insisting that the survey should be made and the true line established, was present at the making of the survey, and paid a part of the cost thereof; that these parties then agreed that appellant should have the first crop of alfalfa from the land in 1910; and that respondent took the second crop in 1910, both crops in 1911, and the first crop in 1912, after which this action was instituted, and from a judgment in favor of respondent an appeal was taken to this court, resulting in a reversal of the judgment and the granting of a new trial (*Woodland v. Hodson*, 28 Ida. 45, 152 Pac. 205), inasmuch as it appeared that the Christensen survey did not fix the true line between the lands of appellant and respondent, and there was not sufficient evidence to show whether the present owners had agreed that the line established by Gray and Keeney should be abrogated and the original government survey be reestablished for the purpose of marking their boundary. Prior to the new trial, by leave of court, appellant filed an

amended complaint, to which respondent filed an amended answer, and the cause was again tried to the court, with the aid of a jury.

Appellant makes seven assignments of error, which present two questions, first: Did the parties agree to abandon the line established by their predecessors and to adopt the true government line as the boundary between their properties? And, second: Was the true line established by substantial evidence upon the trial?

As to the latter question, however, appellant in his brief states: "We are frank to concede that if the agreement between Gray and Keeney is not binding on the plaintiff and defendant in this action, then the action of the court in ascertaining and enforcing the true line was correct."

We will therefore limit our discussion to the first question. The jury made the following special findings upon the trial:

"Q. Did the plaintiff and defendant at any time agree to abandon the boundary and fence line between their respective tracts of land established there by Keeney and Gray?

"A. Yes.

"Q. If you answer the foregoing question in the affirmative, did they also agree to establish their boundary and fence line on the true line?

"A. Yes.

"Q. If you find such agreement was made, about when was the same made?

"A. About 1909 or 1910."

These findings were adopted by the court and incorporated in its findings of fact. While there is a sharp conflict in the evidence, we are satisfied that there is substantial evidence in the record to support the finding by the court that appellant and respondent agreed about the year 1909 or 1910 to abandon the boundary and fence line between their respective tracts of land as established by Gray and Keeney, and to establish their boundary and fence line on the true division line. Without setting out the testimony at length, it is sufficient to observe that the evidence tends to show that the parties not only agreed to adopt the true line when

it should be ascertained, but that respondent took possession of the disputed tract and removed four crops therefrom without interference on the part of appellant. The rule is well established that where the evidence is conflicting and there is substantial evidence to support a finding, it will not be disturbed on appeal. (*Olson v. Caufield,* 32 Ida. 308, 182 Pac. 527; *Independence P. Min. Co. v. Knauss,* 32 Ida. 269, 181 Pac. 701.)

The judgment in this case, therefore, must be affirmed, and it is so ordered. Costs are awarded to respondent.

Rice, C. J., and McCarthy and Dunn, JJ., concur.