(No. 5369.   April 18, 1930.)

C. A. McMASTER, Respondent, v. S. C. DUNN, Appellant.

[287 Pac. 201.]

242

E. M. Wolfe, for Appellant.

James R. Bothwell, W. Orr Chapman and Wm. Healy, for Respondent.

McNAUGHTON, J.—This is an action on contract to collect the contract price of four pedigreed Hereford bulls.

The complaint simply states that in July, 1919, plaintiff sold and delivered to defendant four cattle; that defendant promised to pay plaintiff $1,100 for them; and that no part of the sum has been paid. The answer denies these allegations as to sale and delivery.

Plaintiff testified to the sale of four pedigreed bulls to defendant at the price of $275 each. That his herdsman

244

delivered the bulls pursuant to the sale at the place designated, together with five others sold to one Walters. Walters and defendant's son Wilford divided these bulls, Walters taking five and Wilford Dunn taking four. The four taken by Wilford Dunn were first placed in a near-by field under the control of Wilford Dunn. Later they were taken by Wilford to the home place of the defendant and placed in his fields with other stock.

The defendant flatly contradicted this evidence. He testified he did not purchase or offer to purchase these cattle at any price. That he never authorized Wilford Dunn to receive them. That these bulls or part of them had been with his cattle, but he never claimed them or branded them. That they were considered by him and treated by him as strays upon the open range with his and other cattle. Nevertheless, the record clearly shows that after the bulls were placed in defendant's field by Wilford Dunn, defendant knew of their presence there; and that they remained in defendant's field until the following spring when they were turned on the range by defendant with his cattle and those of other cattlemen of that vicinity.

The case was tried before a jury. The verdict was for plaintiff for $1,796.58, being the amount claimed as the contract price and interest. Defendant appeals and makes five assignments of error. By these assignments it is claimed:

1. That the complaint does not state a cause of action because it does not allege the claim was due at time suit was brought. We find no merit in this contention. (C. S., sec. 6687; *Wilcox v. Jamieson,* 20 Colo. 158, 36 Pac. 902; *Messenger v. Woge,* 20 Colo. App. 275, 78 Pac. 314.)

2. That the verdict was not sustained by the testimony. We find no merit in this assignment. If plaintiff's testimony is true he was entitled to the verdict returned. This court has repeatedly held that where there is substantial evidence to support the verdict, it will not be set aside on the ground of insufficiency of the evidence. (*Morton v. Whitson,* 45 Ida. 28, 260 Pac. 426; *Walling v.*

*McMillan Sheep Co.*, 40 Ida. 513, 234 Pac. 152; *Woodland v. Hodson*, 35 Ida. 514, 207 Pac. 715.)

3. It is claimed the court erred in permitting plaintiff to testify as to the reasonable value of the bulls sold. It appears that these bulls were the last of respondent's herd and that in the conversation between McMaster and Dunn, McMaster said on that account he was willing to sell the lot to Mr. Dunn and Mr. Walters at a reduced price, but McMaster asserted that the price fixed and understood between him and Mr. Dunn was $275 each. Under this state of the record the respondent was permitted to testify they were worth more than $275. In an action on contract for the contract price it is usually immaterial what the reasonable value of the subject of sale may have been, but in support of the claim that a fixed price was agreed upon, it is often permissible to support such allegation by proof that the price claimed to have been agreed upon was a reasonable price, and especially is such testimony permissible where it is claimed the price charged was excessive and not agreed upon. (*Lewis v. Utah Const. Co.*, 10 Ida. 214, 77 Pac. 336; *Knott v. Moore-Lamb Const. Co.*, 111 Ohio St. 94, 144 N. E. 697; *Kunitz v. Ruske*, 173 Wis. 639, 182 N. W. 347.)

4. Respondent complains generally of the instructions. That the court erred in giving instructions 4, 5 and 7, and in failing to give defendant's requested instructions 1, 2, 4 and 5. We think the instructions given cover the law of the case fairly. We may say the record discloses only four instructions requested by appellant.

The instructions given might not seem as pertinent from the pleadings alone as those offered by appellant, but from the evidence offered in proof of and in disproof of the sale claimed they became pertinent and quite proper. It is not seriously claimed that they contain any misstatement of the law, but only that they were unnecessary and tended to be argumentative. We find they were pertinent and fair and constitute a proper statement of the law with which they deal.

Inasmuch as it is claimed the appellant purchased these cattle without inspecting them, and that he accepted them upon delivery, and appropriated and used them, all of which is denied by appellant, we think the jury was properly instructed as to the law applicable. (C. S., chap. 225, secs. 5673–5761.)

Finding no error in the record, the judgment must be affirmed, and it is so ordered.

Costs to respondent.

Givens, C. J., and Lee and Varian, JJ., concur.