(No. 5617.   October 16, 1931.)

RAY TRIPP and ALICE F. TRIPP, His Wife, and FIRST SECURITY BANK OF HAILEY, IDAHO, a Corporation, Respondents, v. C. H. DOTSON and F. B. DOTSON, Her Husband, and R. R. SPIDELL, as Sheriff of the County of Minidoka, State of Idaho, Appellants.

[4 Pac. (2d) 349.]

F. B. Dotson, James R. Bothwell and W. Orr Chapman, for Appellants.

S. T. Lowe, for Respondents.

LEE, C. J.—Plaintiffs and respondents; Ray Tripp and Alice F. Tripp, his wife, brought this suit against defendants and appellants, C. H. Dotson and F. B. Dotson, her husband, to restrain the latters' enforcement of a certain judgment theretofore secured by appellant, C. H. Dotson, against respondents.

The essential facts are these: Appellant, C. H. Dotson, as owner and holder thereof, instituted an action against respondents to recover $4,757.37 together with interest and $450 as reasonable attorney's fees, according to the terms of a promissory note previously executed and delivered by respondents to the First National Bank of Burley. Default for failure to answer was entered by the clerk, who subsequently on the same day, entered judgment against respondents in "the sum of $4757.37 with interest thereon in the sum of $3240 and $10 costs of this action and $450 as attorney's fees, making a total of $8457.37."

Respondents attack the judgment primarily upon the ground that the clerk having had no authority to enter it, the same is void. In cases of default following personal service, under the provisions of C. S., sec. 6832, as amended by chap. 162 of the 1921 Session Laws, there are two distinct methods of entering judgment. In actions "arising upon contract for the recovery of money or damages only," the clerk has jurisdiction to enter the judgment. In all other actions, his jurisdiction ends with the entry of the default: the plaintiff must thereafter "apply to the court for the relief demanded in the complaint."

It is therefore obvious that, in the prescribed instance, the clerk has jurisdiction to enter the judgment or he has not. If the pleadings call for a judgment including something other than money or liquidated damages, he has no jurisdiction whatever: he is without authority to enter judgment piecemeal, including some integers and excluding others. Such discrimination would require the exercise of

something more than a purely ministerial function, all that the statute contemplates. The rule was directly announced in *Gustin v. Byam,* 41 Ida. 538, 544, 240 Pac. 600, 603. In that case the court said:

"What was a reasonable attorney fee was a question of fact for judicial determination by the court under subdivision 2 of the statute, and outside the purely ministerial authority conferred upon the clerk by subdivision 1. The judgment entered was in excess of the clerk's authority under the statute, and was therefore void."

To the same effect are *Landwehr v. Gillette,* 174 Cal. 654, 163 Pac. 1018; *Hodgdon v. Goodspeed,* 60 Or. 1, 118 Pac. 167; *Soliri v. Fasso,* 56 Mont. 400, 185 Pac. 322; *Hurd v. Ford,* 74 Utah, 46, 276 Pac. 908, 911.

Appellants' earnest argument that only that part of the judgment pertaining to attorney's fees is void and that the remainder is valid, is based upon the proposition that the clerk had jurisdiction to enter judgment for that remainder. But the proposition, manifestly, is untenable, seeing that the statute in the given instance prohibits him from entering any judgment at all.

Judgment affirmed; costs to respondents.

Budge, Givens, Varian and McNaughton, JJ., concur.