## PARDOE v. DEAN et al.

No. 22237.   April 30, 1935.

R. R. Rittenhouse and W. F. Pardoe, for plaintiff in error.

W. L. Cheatham, Glenn O. Young, and W. V. Pryor, for defendants in error.

RILEY, J.   This is an appeal from a judgment against the plaintiff in an action for mandamus against the county election board of Creek county.

Plaintiff and C. O. Beaver were rival candidates for the office of judge of the superior court of Creek county in the election held November 4, 1930.

Defendants H. I. Dean, W. C. Sellers, and Charles A. Schrader were the members of the county election board.   Dean was secretary, Sellers, chairman, and Schrader, the member.

The returns as canvassed by the county election board showed that Beaver was elected by a majority of 120 votes.

Plaintiff, not being satisfied with the result as shown by the canvass, undertook a contest of the election under the provisions of chapter 63, S. L. 1927.

Thereunder plaintiff had until the **end** of the day of November 14th to file with the county election board his challenge of the correctness of the announced result of the election.

An attempt was made to file same with the secretary of the county election board between 8:30 p. m. and 11 p. m., on the evening of the 14th.

Being unable to find the secretary of the county election board, plaintiff presented his challenge to Charles T. Schrader, member of the board.

On the morning of November 15th the county election board issued a certificate of election to Beaver, signed by the chairman and secretary. Schrader did not sign it.

This action was commenced November 20, 1930, wherein Beaver was made a party defendant. Plaintiff sought a peremptory writ of mandamus commanding the defendants Sellers, Dean, and Schrader, as the county election board, to fix a day for hearing upon the challenge of plaintiff to the correctness of the announced result of said election, give notice thereof to plaintiff and defendant Beaver, and proceed in a legal and orderly manner to hear and determine such election contest, and that the certificate of election theretofore issued to Beaver be canceled.

An alternative writ was issued and issues joined. The questions raised were that the challenge was not filed with the county election board within ten days after the election; they alleged that on the morning of the 15th day of November, the county election board met at 9:00 o'clock a. m. with the chairman and secretary present, and there being no challenge filed ,with the board, the certificate of election was issued to Beaver, and about 10 o'clock, Schrader, the other member, appeared and presented plaintiff's challenge. They also deny that any true copy of the purported challenge was served upon Beaver within 48 hours after the attempted filing of the challenge.

The cause was tried on November 28, 1930, before the Honorable P. L. Gassaway, assigned judge, resulting in a judgment for defendants denying the peremptory writ, and plaintiff appeals.

Petition in error and case-made were filed in this court April 8, 1931, but some questions were raised calling for a correction of the case-made. The case-made as corrected was not filed until January 3, 1935. The term of office involved had about expired before the corrected case-made was filed. Little, if any, good could be accomplished by a recount at this time.

Much of plaintiff's brief is devoted to the question of when the ten days for filing the challenge expired. Clearly, the time did not expire until the close of the day, midnight, November 14.

It is conceded that the challenge was not presented to or filed with the secretary of the county election board at or before that time. It was first called to the attention of the secretary of the board about 10 o'clock on the morning of November 15th, when it was brought before the board by Charles T. Schrader, a member.

Section 3, ch. 63, S. L. 1927, then in effect, provides the time for, and the manner of instituting an election contest, such as plaintiff sought to institute. It provides that the challenge must be verified and set forth a state of facts showing fraud in the election, which if sustained would change the result, and that it could be filed with the county election board at any time within ten days after the date of the election.

If the challenge was not filed with the county election board within the meaning of said act, and within the time provided thereby, the judgment is correct and should be affirmed.

The secretary of the county election board is by law made the custodian of the records and papers of such board. There can be no doubt that the secretary is the one whose duty it is to retain and preserve papers, etc., required by law to be filed with the board.

The test of filing seems to be whether a paper is placed in the custody of the officer or person entitled to retain it. In re Von Borcke, 94 Fed. 352.

A paper is filed when it is delivered to the proper official and by him received and filed. U. S. v. Lombardo, 60 L. Ed. (U. S.) 897.

That the secretary of the county election board was intended as the proper person or official to whom to deliver the challenge is made clear by section 16 of the act, wherein it is provided that, "upon filing of such contest with the county election board,

the secretary shall at once notify the other members of the board thereof," etc.

Plaintiff took his chances in delaying the preparation of his challenge until after night of the last day. The challenge not having been filed with the county election board in time, the judgment is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, BUSBY, WELCH, PHELPS, CORN, and GIBSON, JJ., concur.