## McINTOSH v. PALMER, Adm'r.

No. 25883.  June 4, 1935.

Rehearing Denied July 16, 1935.

Application for Leave to File Second Petition for Rehearing Denied Sept. 10, 1935.

T. H. Wren, Tom Waldrep, and K. Shelton Skinner, Jr., for plaintiff in error.

Leon C. Phillips, William L. Seawell, and Thos. H. Owen, for defendant in error.

PER CURIAM. Plaintiff in error filed her petition in the county court in Okfuskee county praying the court to determine the heirs of Jacob Pierce, deceased, alleging, among other things, that she was interested beneficially in the estate of the said Jacob Pierce, deceased, she being the surviving wife and widow of the said Jacob Pierce, and alleging that she was the sole surviving heir of the said Jacob Pierce.

Thereafter the administrator of the estate filed a motion to strike the petition from the files, and thereafter the administrator filed an amended motion to strike the petition from the files. The court, on the 19th day of February, 1934, sustained a motion to strike the petition from the files. Due notice of intent to appeal to the district court from the order dismissing the petition was given and duly served on the county judge as required by law. The county judge fixed the appeal bond in the sum of $10,000, and the bond was executed; on the 1st day of March, 1934, it was approved by the county judge.

The record discloses that the 1st day of March, 1934, was the last day on which the appeal bond from the county court might be filed in the district court, and that about 6 o'clock in the afternoon of March 1, 1934, T. H. Wren, attorney for the plaintiff in error, presented this bond, after it had been approved by the county judge, to the court clerk of Okfuskee county at the residence of the court clerk. That the court clerk offered to go to his office at that time and file the bond, that he did not actually carry the bond to the courthouse on March 1, 1934, but kept it in his possession and actually deposited the bond in his office on the following day, March 2, 1934.

The defendant in error afterward filed a motion in the district court to dismiss the appeal for the reason that the bond was not executed in a manner prescribed by law and was not filed within the time provided by law, and on the hearing of this motion the district court sustained it and dismissed the appeal. Exception was had to the rul-

ing of the trial court, and this case is now here on appeal from the ruling of the trial court dismissing the appeal of the plaintiff in error. Hereafter the plaintiff in error will be referred to as the plaintiff, and the defendant in error as the defendant.

There is but one question presented here: Was the delivery of the approved bond to the court clerk at his home a substantial compliance with section 1400 and section 1401, Okla. Stats. 1931? Exhaustive briefs have been filed by both parties to this suit, quoting many authorities, but we do not find any Oklahoma case exactly in point.

In this case the appeal bond was delivered to the court clerk, who offered to go to the courthouse and file it. The bond had already on that day been approved by the county judge. The contention is made that the bond should have been filed in the office of the court clerk, and that because it was delivered to the court clerk at a place other than his office the statute was not sufficiently complied with and the case was not properly appealed and lodged in the district court.

Bouvier's Law Dictionary, under the word "filed" or "filing," uses this language:

"A paper is * * * filed when it is delivered to the proper officer and by him received to be kept on file."

And Words and Phrases (2d Ser.) p. 531, says:

"There can be no filing of a paper in a legal sense except by its delivery to an official whose duty it is to file papers, and who is required to keep and maintain an office or other public place for their deposit, and the paper must either be delivered personally to such officer with the intent that the same shall be filed by him or delivered at the place where the same should be filed by him."

In the case of Bade v. Hibbard, 93 P. 364, the Supreme Court of Oregon held:

"A paper is filed for record in contemplation of law when it is delivered to the proper officer with the intention that it shall become part of the official record."

To the same effect is the case of State National Bank v. Lowenstein, 52 Okla. 259, 155 P. 1127. At page 1129 the court said:

"The date of filing papers is when they are deposited with the proper custodian, and not when they are marked filed, and the filing is the actual delivery to the clerk, without regard to any action that he may take thereon."

But a stronger case in our opinion is found in the case of In re Von Borcke, 94 F. 352, where the court held:

"A petition in bankruptcy is to be deemed filed within the meaning of the bankruptcy law when it is delivered personally to the clerk of the court of bankruptcy, and received by him for the purpose of being kept on file, though not at his office, nor during office hours."

Under the statute the plaintiff must execute and file a bond within ten days. The statute further provides that the county judge must fix the amount of the bond. In this case the bond was executed, approved by the county judge, and delivered to the court clerk at his residence within the time provided by law. The defendant contends that because of the fact that this bond was not delivered at the office of the court clerk within the time provided by law for the filing of appeal bonds, the bond was not filed within the meaning of the law. It is admitted that the bond was delivered to the court clerk within the time provided by law for taking appeal. It is also admitted, or at least in the record, that the court clerk offered to take the bond after it was delivered to him and file it in his office. As has been stated before, no Oklahoma case has been cited exactly in point, but other cases from other jurisdictions have been cited as hereinbefore referred to. In considering this case we thought of various contingencies that might happen; an appeal bond might be delivered to the court clerk just outside of his office, he accepting the same for filing; or it might be delivered to him and he accepting same for filing in some other part of the courthouse; or the bond might be mailed to him and delivered to him from the postoffice on the last day for filing the appeal bond, and it occurred to us, How in either of the cases referred to, would the court clerk receive such bonds? Would he receive it as a private individual? Or would he receive it as court clerk? Under the authorities before us and the record in this case, we think that the filing of appeal bond, appealing from a county court to the district court in a probate matter, with the court clerk on the last day allowed by law for filing the bond, is sufficient compliance with the statutes governing such appeals, and where an appeal bond duly approved by the county judge, appealing from a decision of the county court in a probate matter, is delivered to the court clerk after the closing of the court clerk's office, and the court clerk in receiving said bond offers to carry it to

his office and file it, the delivery of the bond to the court clerk and his acceptance thereof is a substantial compliance with the statute governing the filing of appeal bonds in such cases. And where a court clerk receives an appeal bond from the county court to the district court and offers to file the same, he receives the same as court clerk, and the actual filing of the bond is immaterial.

It therefore follows that the trial court committed a material error in sustaining defendant's motion to dismiss the appeal of the plaintiff.

This case is therefore reversed and remanded.

The Supreme Court acknowledges the aid of Attorneys H. P. Hosey, Tom Finney, and Geo. T. Arnett in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Hosey and approved by Mr. Finney and Mr. Arnett, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, and CORN, JJ., concur.