240 P.2d 824

STARRY v. HAMILTON, Probate Judge.

No. 7777.

Supreme Court of Idaho.

Feb. 5, 1952.

Thomas and Porter, JJ., dissented.

J. H. Barnes, Twin Falls, for appellant.

Smith & Jacob, Twin Falls, for respondent.

GIVENS, Chief Justice.

Appellant's complaint in the Probate Court of Twin Falls County alleged that between certain dates he had sold and delivered to one Morgan, at his instance and request and upon his promise to pay, "groceries and other merchandise of the value of $871.43, no part whereof has been paid save sums totaling $640.00, and that there is now due and owing from defendant for said merchandise the sum of $231.43 and interest thereon at six per cent per annum from April 1st, 1950."

Morgan was personally served, failed to appear and his default was entered.

The Probate Judge denied appellant's request to enter judgment for the amount specified in the complaint or any amount, holding appellant should present proof of the value of the goods sold and delivered. Appellant thereupon sued an alternative writ out of the District Court to compel the Probate Judge to comply with his request. The District Court denied the writ, from which order this appeal is taken.

Section 16–901, I.C. (R.C.), Probate and Justice's Courts, provides as follows: "When, on an action arising upon contract for the recovery of money or damages only, the defendant fails to appear and answer or demur at the time specified in the summons, the court must, upon the application of the plaintiff, enter the default of the defendant, and immediately thereafter enter· judgment against the defendant for the amount specified in the complaint, including costs, and in other actions where the defendant has so failed to answer or demur the court must likewise enter the default of the defendant, and the plaintiff may then offer proof of his claim, and the court must then render judgment in his favor as appears by the evidence to be just, for a sum, not exceeding the amount specified in the complaint, including costs."

Respondent relies largely upon Landwehr v. Gillette, 174 Cal. 654, 163 P. 1018, 1020, construing Section 585, California Code of Civil Procedure, practically the same as Section 10–801, Idaho Code (P.R.) as in effect similar to Section 16–901, I.C., supra, wherein the court stated that an action to recover reasonable attorneys fees "* * * is no different from an action

brought for the recovery of the reasonable value of goods, wares, and merchandise sold and delivered to defendant and alleged to be reasonably worth the sum charged, or an action for services rendered to defendant which are alleged to be reasonably worth a certain sum. It is settled in those cases that, as the contract sued on is not certain or definite as to the amount for which defendant is liable, although the complaint alleges a fixed sum as the reasonable value, a default does not admit the liability to the extent charged, but simply a liability to some extent and the amount of the recovery is to be determined by the court to which application must be made therefor, and respecting which the clerk has no right to make entry of judgment."

In the first place, this statement was dictum, because the sale of goods, wares and merchandise for a fixed sum alleged as the price or value thereof, was not involved. In the second place, a careful analysis of the purportedly supporting cases cited in Landwehr v. Gillette, supra, discloses they do not really support such proposition and California has, to some extent, diverged therefrom. Cook v. Justice's Court of San Diego Tp., 16 Cal.App.2d 745, 61 P.2d 357 at 360.

Wisconsin early announced a contrary doctrine:

"The complaint alleges that the services were rendered and the medicines furnished at the request of the defendant. Upon this allegation there is clearly an implied contract on the part of the defendant to pay the plaintiff what such services and medicines were reasonably worth.

"It is equally clear that it was an action for the recovery of money only. The plaintiff asks judgment for money and money only. The plaintiff alleges that the services and medicines were worth $225, and swears to that, with the other allegations. If the defendant desires to controvert the amount of the plaintiff's claim in an action of this kind, he must do so by answer, and if he does not, he admits the justice of the amount of the claims as well as the other facts set out in the complaint." Egan v. Sengfeil, 46 Wis. 703, 1 N.W. 467 at 470; Thomas-Halvorson Lbr. Co. v. McRell, 165 Minn. 460, 206 N.W. 951–952; Marthaler Machine & Engineering Company v. Meyers, 173 Minn. 606, 218 N.W. 127–128.

Gustin v. Byam, 41 Idaho 538, 240 P. 600, and Tripp v. Dotson, 51 Idaho 200, 4 P.2d 349, considered merely attorneys fees and an allegation of the reasonable amount thereof.

Landwehr v. Gillette, supra, recognizes that if the contract specifies the exact amount of attorneys fees, judgment therefor may be entered on default under the rule announced in Alexander v. McDow, 108 Cal. 25, 41 P. 24, cited and discussed therein, being 10% of the total amount found due on the note. Thus, the theory of Alexander v. McDow, supra, supports the idea that where there is a definite price alleged, as due for goods, wares and mer-

chandise, it justifies the entry of default by the clerk as a contract for the payment of a specific sum of money.

While the Wyoming statute, Comp.St. 1920, § 5726, uses the words "upon an account" instead of "action * * * upon contract," the discussion of what constitutes an open account is clear authority in support of the proposition that the probate court should have entered judgment as requested by appellant. James v. Lederer-Strauss & Co., 32 Wyo. 377, 233 P. 137 at 139.

Montana held, under a default statute, Rev.Codes 1921, § 9322, similar to ours, in an action for goods, wares and merchandise, the value or price being alleged as herein, that: " * * * the action was one 'arising upon contract for the recovery of money.' " And upon defendant's failure to appear, there remained but the ministerial act of the clerk in entering the judgment for the amount prayed for, Commercial Bank & Trust Co. v. Jordan, 85 Mont. 375, 278 P. 832 at 834, 65 A.L.R. 968, 972.

In Pendrey v. Brennan, 31 Idaho 54, 169 P. 174, there was as much occasion to take evidence to determine the amount to which the plaintiff was entitled as under the allegations in the complaint herein; nevertheless, the court held under the statute now under consideration that the clerk properly entered judgment for the plaintiff.

█ Incidentally, while under certain circumstances, value and price are perhaps not synonymous, they are legal equivalents, 33 Words & Phrases, p. 537, and 44 Words & Phrases, p. 59; therefore, while the complaint alleged "value," the context clearly indicates that by "value" was meant "price"—thus this was purely an action for the purchase price. North Robinson Dean Co. v. Strong, 25 Idaho 721 at 734, 139 P. 847. In such an action it is usually immaterial what the original value of the subject of a sale may have been; consequently, the allegation was sufficient as stating a definite amount, i.e., a contract for the payment of money, the price of the merchandise sold. McMaster v. Dunn, 49 Idaho 241 at 245, 287 P. 201; Janeway & Carpender v. Long Beach Paper & Paint Co., 190 Cal. 150, 211 P. 6 at 7. The complaint alleged a complete contract; its breach and the definite sum due under the contract, hence stated a cause of action in contract for the recovery of money. Stone v. Bradshaw, 64 Idaho 152 at 157, 128 P.2d 844.

█ The false premise upon which the courts seem to think that by constant repetition of an erroneous rule of law, it thereby becomes a sound rule of law, is the failure to distinguish between the character of the different causes of action and what is sought to be recovered, as for example, Lynch v. Bencini, 17 Cal.2d 521, 110 P.2d 662. *If* evidence is required to determine the amount of recovery, other than by computation, then of course, the judgment may not be entered by the clerk, but under our

sales statute Section 64–501, I.C., where goods have been sold and delivered at the instance and request of defendant and upon his promise to pay, there arises a right of action on contract in behalf of plaintiff to recover the purchase price. The statute authorizes a default judgment to be entered by the clerk without proof in an action arising upon contract for recovery of money or damages only. The context of the complaint shows an allegation of a sale, certainly upon the express or implied contract for the recovery of money, i.e., the fixed or designated value, or price of the goods sold and delivered. The underlying contract in effect plead, was thus sufficiently definite to fix the amount which the plaintiff is entitled to recover, as any other contract providing for or specifying the recovery of money, and the default so admits. Jones v. Moers, 91 Cal.App. 65, 266 P. 821. Any other construction entirely and unnecessarily emasculates the statute and renders it without any force and effect whatsoever, and but adds to the ultimate expense placed upon the defendant.

The latest A.L.R. note on this subject appears to be 158 A.L.R. page 1091, and the above elucidation is clearly justified by a discriminating analysis of the cases therein cited. The editorial comment and authorities in support thereof at page 1100 correctly discern the essential point and list Pendrey v. Brennan, supra, along with numerous other authorities as supporting our conclusion.

Judgment is reversed and the cause remanded with instructions to the District Court to direct the probate court to enter judgment as requested by appellant. Costs to appellant.

TAYLOR and KEETON, JJ., concur.

THOMAS, Justice (dissenting).

The only question presented on this appeal is the authority of the probate judge on default, under the pleadings and the complaint, to enter judgment for the amount specified in the complaint, without the submission of any proof of the value of the merchandise.

The statutory provisions giving to the probate court authority and jurisdiction to enter a default judgment must be strictly construed, as the probate court in such instances acts only in a ministerial and not in a judicial capacity. Kimbel v. Osborn, 61 Wyo. 89, 156 P.2d 279, 158 A.L.R. 1079; 49 C.J.S., Judgments, § 205, p. 363, note 44.

In the well-considered case of Landwehr v. Gillette, 174 Cal. 654, 163 P. 1018, 1020, construing the statute of California identical with the statutes of Idaho, in an action upon a note which provided for reasonable attorney's fees, the Supreme Court held that the clerk of the court was without authority or jurisdiction to determine and enter as a part of the default judgment any sum as attorney's fees; while the failure of the defendant to plead was an admission of liability for the principal and interest

of the note, and some sum as reasonable attorney's fees, it was not an admission that he was liable for the amount alleged in the complaint, because reasonable attorney's fees is not a fixed and liquidated sum or a sum that can be determined from a mere inspection of the pleadings or by mathematical calculation unless the note itself either provided for a fixed sum or a certain percentage of the principal, and that where such is not true the amount of such fees is peculiarly for judicial determination upon the submission of proof. In arriving at the conclusion therein reached, the court specifically stated that an action involving the recovery of reasonable attorney's fees was no different than an action brought for the recovery of the reasonable value of goods, wares, and merchandise sold and delivered to the defendant and alleged to be reasonably worth the sum charged, or an action for services rendered alleged to be reasonably worth a certain sum, and then went on to state: "It is settled in those cases that, as the contract sued on is not certain or definite as to the amount for which defendant is liable, although the complaint alleges a fixed sum as the reasonable value, a default does not admit the liability to the extent charged, but simply a liability to some extent and the amount of the recovery is to be determined by the court to which application must be made therefor, and respecting which the clerk has no right to make entry of judgment." (Citing cases.)

Subsequent to this decision, the Supreme Court of Idaho had before it the identical question involving reasonable attorney's fees in two cases, Gustin v. Byam, 41 Idaho 538, 240 P. 600; Tripp v. Dotson, 51 Idaho 200, 4 P.2d 349; in each instance this Court cited with approval and followed the Landwehr case and held that the clerk was without jurisdiction to enter default judgment where the amount to be recovered is not liquidated or capable of mathematical calculation from the contract itself, and that this included the question of reasonable attorney's fees; that where there is a default in a case in which the amount claimed is unliquidated, the failure to plead is only an admission that there is something due to the plaintiff but not an admission that the sum claimed in the complaint is the correct amount.

California has never departed from the principle set forth in the Landwehr case; the majority opinion cites the case of Cook v. Justice's Court of San Diego Tp., 16 Cal.App.2d 745, 61 P.2d 357, in support of its position and therein asserted that California has diverged from the Landwehr case to some extent; while the Landwehr case is not cited in the Cook case, the decision therein in no wise departed from or limited the decision in the Landwehr case, but tacitly recognized the rule; in the Cook case the sum demanded in the complaint, based upon the stockholders' liability arising out of a contract, was fixed and liquidated and there remained but a ministerial act of calculation or computation.

The majority opinion cites the case of Thomas-Halvorson Lbr. Co. v. McRell and

the later case of Marthaler Machine & Eng. Co. v. Meyers, both rendered by the Supreme Court of Minnesota, in support of its position; the Thomas-Halvorson case is not in point for the reason that the action was for goods sold and delivered for an alleged reasonable value and for a stipulated and agreed price; by the default of the defendant, he admitted that the price had been stipulated and agreed upon and hence it was unnecessary to submit any proof of value as the sum had been by the agreement liquidated; in the Marthaler case the Supreme Court of Minnesota simply followed the rule in the earlier case. These decisions are not out of harmony with the Landwehr case, which also recognizes that if the price is stipulated and agreed upon, and this is alleged, the sum is liquidated and no proof is necessary.

The case of Pendrey v. Brennan, 31 Idaho 54, 169 P. 174, cited in the majority opinion, does not support the position therein set forth; in that case the amount alleged had been liquidated and made certain by express earlier agreement and hence there was no necessity to submit proof upon default as to the value, for the reason that it had been so liquidated and made certain.

The majority opinion not only applies a liberal construction to the statute with respect to the authority of the clerk to enter default, which is contrary to the universal rule of strict construction, but also has departed from the rule of this court in both the Gustin v. Byam and Tripp v. Dotson cases, supra, and sanctions the exercise of a judicial function which has always been inherent in the judiciary, by a clerk. This is a dangerous precedent.

The question is not whether the complaint states a cause of action as would appear from the majority opinion, but whether upon a strict construction it states a cause of action authorizing the clerk after the entry of default to enter a default judgment, without any evidence as to the value of the goods. Lynch v. Bencini, 17 Cal.2d 521, 110 P.2d 662. The complaint before this Court does not meet such test.

In an action to recover the value of goods, wares, and merchandise, sold and delivered, the amount claimed is unliquidated even though the complaint alleges a definite value or a fixed sum as the reasonable value thereof; while a default admits liability to some extent, it does not admit the sum alleged is the value of the goods so sold and the probate court is without jurisdiction to enter a default judgment in such cases without first hearing proof of value. Landwehr v. Gillette, supra, and the cases therein cited; see also, 6 Enc. of Pl. & Pr. 128–134; 49 C.J.S., Judgments, § 201(c), p. 358, § 201(d), p. 360; 25 C.J.S., Damages, § 163, p. 836; 1 Black on Judgments (2d Ed.), sec. 89, p. 117; Naderhoff v. Benz & Sons, 25 N.D. 165, 141 N.W. 501, 47 L.R.A.,N.S., 853; Hanover Fire Ins. Co. v. Furkas, 267 Mich. 14, 255 N.W. 381; Second Natl. Bank of Robinson v.

Scudder, 212 Ind. 283, 6 N.E.2d 955; Witt v. Long, 93 N.C. 388, 391; Wynne v. Prairie, 86 N.C. 73; Wolf v. Hamberg, 8 S.C. 82, 84; Saucer v. Vincent, 82 Fla. 296, 89 So. 802.

The allegation in the complaint that the plaintiff sold and delivered to Morgan groceries and other merchandise of the value of $871.43 is an allegation of an unliquidated sum and a default does not admit liability for $871.43 but simply a liability to some extent, the amount thereof to be determined by the court judicially.

The order of the district judge should be affirmed with costs to the respondent.

I am authorized to say that Justice POR-TER concurs in this dissent.