**T. O. SMITH, Appellant,**

v.

**The FIDELITY & CASUALTY COMPANY OF NEW YORK, Appellee.**

**No. 17328.**

United States Court of Appeals
Fifth Circuit.

Dec. 11, 1958.

---

Jim S. Phelps, Houston, Tex., for appellant.

A. J. Watkins, Houston, Tex., Baker, Botts, Andrews & Shepherd, Houston, Tex., of counsel, for appellee.

Before HUTCHESON, Chief Judge, and RIVES and WISDOM, Circuit Judges.

HUTCHESON, Chief Judge.

This is an appeal from a judgment entered for defendant in a Workmen's Compensation case on its motion to withdraw the case from the jury and render judgment in its favor. It presents as the single question for decision whether plaintiff proved compliance with the Texas statute, Vernon's Ann.Civ.St. art. 8307, § 4a, requiring the filing of a claim with the Industrial Accident Board within six months from the date of the injury or that he had sufficient cause for not having done so.

The matter comes up in this way. Plaintiff alleged: that on the 9th day of June, 1949, he received a compensable injury, of which he gave his employer notice; that he filed his claim for compensation within the six months required; that, while in the hospital as a result of the injury, between the 16th and the 29th day of June, 1949, he received from the Industrial Accident Board notice of injury and claim for compensation blanks; and that he filled them in and mailed them to the Board.

Appellee alleged under oath that appellant did not file his claim for compensation within the period provided in the Act and that he did not have good cause for failure to so file.

On this issue, as to which appellant agrees that on the pleadings the burden is upon him to make sufficient proof, appellant offered his testimony and that of his wife.[1]

---

1. Smith's testimony was that his wife came to the hospital and brought some papers "which came in the mail from Austin to us". "She answered the questions the best she could. In other words, what my name and my age, and who I was working for, and she mailed them back to Austin."

Shown two forms styled "Claim for Compensation Injury" and "Notice of Injury", he testified that they were like those which had been sent to him from Austin.

Further, in answer to the question, "Now you don't remember what all answers you put on those different blanks?", he stated: "No, I couldn't name them. We just put in my name and the report the company I worked for, and sent them back to Austin. Actually I didn't know whether there was anything wrong with me or not. I couldn't file for anything because I didn't really know what was wrong with me in the first place."

It was further shown that nothing was done after the claimed mailing of these letters to inquire about or press the claim and it was not until 1956, seven years later, after claimant's mother-in-law had talked to the lawyer who had filed a claim in connection with an injury to her, that a claim was actually filed with the Board, and this claim was rejected by the Board because filed too late.

Appellant, recognizing that this later filing was not with good cause unless his contention that the claim was first filed in 1949 is made out in the evidence, urges upon us here that, under the presumption that a letter properly addressed, stamped and mailed, reaches its destination, by his proof of mailing he has made out a prima facie case showing compliance with the statute. Urging that this evidence raised a presumption that the claim for compensation was not only *received by* but *was filed with the board,* he argues that, though there is no proof that the claim was ever delivered to anyone for filing or was actually filed, his case is made out.

Appellee, urging that there is no evidence that the letter was properly addressed, insists that there is no basis in the evidence for the invoked presumption that the letter was received. Its main argument, however, is based on the proposition that, conceding that the proof was sufficient to show the proper filling out of the claim papers, their mailing and their receipt in the mails, this, since proof of receipt in the mails of a paper requiring filing is a wholly different thing from proof that the claim was filed or that it was even delivered or presented for filing, the evidence relied on is wholly insufficient. We are in no doubt that this is so.

The slightest reflection on the nature and effect of the presumption of receipt of a letter properly addressed, stamped and mailed, shows that it goes only to the delivery of the mail to the addressee and that what is sought here is to build upon that presumption another presumption, that when received it got into the hands of the proper person to file it, and still another presumption, that it was filed, a building of presumption on presumption which the law does not permit. If, therefore, the matter were of first impression and there were no cases on the point, we should be bound to hold that the evidence relied on here is completely without probative force to prove filing.

On cross examination: "I actually didn't fill out any of them. My wife filled them out."

Asked: "Well, what you are saying, of course, is what your wife has told you partly, isn't that true?", he stated: "What my wife has told me."

"In other words, you didn't mail it yourself?"

"Well, Yes, sir."

Mrs. Smith, on direct examination, was asked: "Now you heard what your husband said. Just tell us in your words what happened."

"Well, as best I can remember, when they came in the mail I filled them out for him, he put his signature on them, and I mailed them back to Austin."

She, as her husband had done, identified the forms shown her as the same type as those she had mailed. Asked how she addressed the mail, she said: "Well it was to the Industrial Accident Board in Austin. It was some building but I don't remember the name of the building." That the forms gave the address and she sent it back to the address given on the forms. That the next day she stamped and mailed the envelopes.

On cross-examination, shown that the forms she had identified as the same as those she had used did not have any Austin address on them and, agreeing that this was so, she said, "No, there is no building address on there. I thought there was."

Asked: "And, of course, I assume that under the circumstances you read the forms quite carefully and tried to follow the instructions that were given you, is that correct?", she answered, "Well, I wasn't much more than a child then, and I really didn't understand it. As well as I could I tried to follow the instructions on the form. I know we didn't answer all the questions on it. I can't remember that far back which I couldn't answer and which I could."

The question has, however, been decided many times contrary to appellant's contention, and is not in any sense open. In Cheesman v. Cheesman, 203 App.Div. 533, 196 N.Y.S. 820, for instance, the precise question was determined adversely to appellant's contention in connection with the New York Workmen's Compensation Law, McKinney's Consol. Laws, c. 67; while in In re Gorski, 227 Mass. 456, 116 N.E. 811, the court, with respect to the Massachusetts Compensation Act, held: that a mere mailing of claim or an ineffectual attempt to put the claim in the custody of the board is not sufficient; for the word "filed", in this connection, imports that the claim is to be placed permanently on the files of the board, so that any person interested may refer to it, and the paper on which the claim, with the details set forth in the statute, is written, actually must be delivered physically into the possession of the board before it can be said to be filed with the board.

United States v. Lombardo, 241 U.S. 73, 36 S.Ct. 508, 509, 60 L.Ed. 897, is to the same effect. There, the Supreme Court, citing Gates v. State, 128 N.Y. 221, 28 N.E. 373, stated:

> "Filing, it must be observed, is not complete until the document is delivered and received. 'Shall File' means to deliver to the office, and not send through the United States mails."

In addition to these, the cases holding to the same effect, cited and quoted from under "File" in 16 Words and Phrases, p. 531 et seq.,[2] are almost legion. Discussing at length the meaning of "file" and "delivery by mail", as constituting filing, the text cites and quotes from many cases holding that neither deposit in the mail nor delivery by mail constitutes the filing of a claim. Among the many cases quoted from is Pendry v. Brennan, 31 Idaho 54, 169 P. 174, where it is said:

> "The term 'filed' * * * requires that the paper sought to be filed must be deposited with or placed in the custody of the officer whose duty it is to receive it, and it is not complied with by the depositing of such paper in the post office addressed to the officer."

Further in the same volume, beginning at page 536, discussing "delivery to officer personally" and "delivery to proper officer", many more cases are cited to the effect that "a paper is filed when it is delivered to the proper officer and by him received to be kept on file. McIntosh v. Palmer, 173 Okl. 367, 48 P.2d 815."

When the question this appeal poses, whether the evidence offered to prove filing was sufficient, is considered, in the light of the presumption that officers do their duty and of the undisputed evidence that more than seven years passed after the claimed mailing, with nothing being said or done by plaintiff with regard to the claim, we think it quite clear: that there is no basis for the claim of error; that the judgment was right; and that it must be affirmed.

Affirmed.

---

2. See also the many cases cited in the Cumulative Pocket Part, "File" and "Filing", all to the same general effect.