## BAUER et al. v. SAMPLES et al.

No. 27495. Sept. 21, 1937.

Rehearing Denied Nov. 2, 1937.

W. A. Barnett and C. D. Lewis, for plaintiffs in error.

E. J. Gilder and H. S. Samples, for defendants in error.

BAYLESS, V. C. J. Clyde Max Bauer and Clara H. Bauer appeal to this court from the action of the district court of Okmulgee county, Okla., denying their motion to vacate a judgment.

The history of the action is as follows: Bauers obtained a money judgment against Samples and wife. They garnisheed one Greenshaw, a judgment debtor of Samples, and Greenshaw answered admitting the debt. Samples' son then intervened claiming to have an assignment of the Greenshaw judgment. The issue thus joined was tried Saturday, January 12, 1935, before the Honorable C. E. B. Cutler, district judge, at about 6 p. m.; judgment was for the Bauers. Court was adjourned until 7 p. m., at which time the judge signed the journal entry of judgment. The attorney for Samples, parents and son, was present when it was presented. At 7:50 p. m. that day this attorney presented to the court clerk at his home, about one-half block from the courthouse, a motion for new trial and it was marked "filed" at the time. The court remained in session until 9 p. m., or thereabouts, and a deputy clerk was in attendance. Before adjourning, a search was made by the judge to ascertain if anything had been filed in any case for his attention. All of this is ma-

terial in view of the fact that the 12th was the last day of the October, 1934, term and, likewise, was the last day of Judge Cutler's term of office. Therefore, when the clerk actually brought the motion to the office on Monday, January 14, 1935, it was a new term and a new judge was in office. June 25, 1935, the motion was heard by the new judge and sustained, and on July 9, 1935, on retrial judgment was rendered in favor of the intervener. In March, 1936, the motion to vacate was filed. it being alleged that it was only then the Bauers had learned of the circumstances of the filing of the motion for new trial. This motion to vacate was denied, and this appeal results.

There is but one assignment of error, and it is of law, to wit:

"* * * Whether or not the motion for new trial filed by intervener, J. R. Samples, was filed on Saturday, January 12, 1935, by the delivery thereof to the court clerk of Okmulgee county, Oklahoma, at his residence in the city of Okmulgee in said county when the court was actually in session at the courthouse at the time and attended by a deputy clerk and the clerk's office open."

We have held in McIntosh v. Palmer, 173 Okla. 367, 48 P. (2d) 815, that the delivery of a pleading to the official designated by law to receive it, with the intention that he receive it as a filing, irrespective of his whereabouts, is a substantial compliance with the law relating to filings. This being so, the motion for new trial was legally filed January 12, 1935, and the judge who passed upon it in June, 1935, had full authority so to do.

OSBORN, C. J., and WELCH, CORN, and HURST. JJ., concur.