## LACER v. DAVIS HAT CO.

No. 30370.   Nov. 4, 1941.

Rehearing Denied Dec. 16, 1941.

*119 P. 2d 850.*

J. W. Osmond, of Anadarko, for plaintiff in error.

Thomas B. Losey, of Chickasha, for defendant in error.

PER CURIAM. This is an appeal from an order and judgment of the district court refusing to vacate and set aside a default judgment entered on the 13th day of September, 1940, in favor of Davis Hat Company against L. F. Lacer, defendant. The judgment was for $133.50 and costs.

From the best information obtainable by a review of the proceedings at the time of application for the motion to vacate and set aside the default judgment and grant a new trial, the action was commenced in the justice of the peace court. An action had been brought on a bond therein on a former judgment which had become final. Either Mr. Phillips, formerly the attorney for the defendant Lacer, or some other person lost the papers after the same had been transferred to the district court. The case-made herein contains only the judgment and a motion for new trial and the proceedings dealing, among other things, with the lost papers.

A motion to dismiss has been filed in which the plaintiff attacks the appeal in this court for failure to comply with section 532, O. S. 1931, 12 Okla. St. Ann. § 956, which provides that a case-made containing so much of the record and proceedings as is necessary to review the alleged errors shall be presented to this court.

In response to the motion to dismiss, the defendant admits that the papers have been lost and makes no effort to supply lost pleadings under section 244, O. S. 1931, 12 Okla. St. Ann. § 310, but attempts to excuse the failure to present a proper case-made by stating that plaintiff would not stipulate with him or otherwise agree on a record.

Under section 532, supra, it is the duty of the plaintiff in error to present so much of the record and proceedings, including the evidence, necessary to review the errors complained of. This was not done. We are of the opinion, and hold, that the case should be dismissed for failure substantially to comply with section 532, supra.

Appeal dismissed.

WELCH, C. J., CORN, V. C. J., and HURST, DAVISON, and ARNOLD, JJ., concur. RILEY, OSBORN, BAYLESS, and GIBSON, JJ., absent.