Elzie WARREN, Plaintiff in Error,

v.

The STATE of Oklahoma,
Defendant in Error.

No. A–12563.

Criminal Court of Appeals of Oklahoma.

April 30, 1958.

Howard K. Young, Stigler, Gene Stipe, McAlester, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, Presiding Judge.

This is a purported appeal by the plaintiff in error, Elzie Warren, filed herein on November 26, 1957, from a judgment and sentence of the District Court of Haskell County, Oklahoma, on November 26, 1956. To the purported appeal the State of Oklahoma filed a motion to dismiss for the reasons hereinafter set forth.

■ Under the provisions of 22 O.S. Supp.1957 § 1054, amending 22 O.S.1951 § 1054, appeals in felony cases "must be taken within six months after the judgment is rendered." Under the provisions of 12 O.S.Supp.1955 § 667, amending 12 O.S.1951 § 667, we find:

"* * * And when any litigant has given notice of appeal from any judgment of any court of record in this State to the Supreme Court or Criminal Court of Appeals and the time for doing any act to perfect such appeal has, or does hereafter lapse during the session of the Legislature, whether regular or special, and the said litigant is a member of the Senate or House of Representatives, of the State of Oklahoma, in such session, or his attorney of record is such member, such litigant or attorney shall have such time after the adjournment of the session of the Legislature to perform such act and complete his appeal as he had at the commencement of the session of the Legislature, of which he or his attorney of record was a member, and all acts done in the perfection of such appeals shall be as valid as if done within the time provided."

■ The record, herein, discloses that at the time of trial of the cause in the lower court, plaintiff in error was represented by his attorney, Howard Young, now deceased, then a member of the State Senate, which representation continued up to and including the time of this attempted appeal. It further appears that the 26th Legislature convened on January 7, 1957, and adjourned sine die at 12:00 noon, on May 29, 1957. It further appears that a period of forty days had elapsed between the date the judgment was rendered on November 26, 1956, and January 7, 1957, the date on which the 1957 Legislature convened. Under the provisions of the foregoing statute, the running of the time for perfecting the appeal was tolled from the date the Legislature convened until the date it adjourned, and the plaintiff in error had "such time after the adjournment of the session of the Legislature to perform such act and complete his appeal as he had at the commencement of the session of the Legislature, of which he or his attorney of record was a member, * * *." Under the provisions of this statute, it appears the plaintiff in error had one hundred and forty-two days from May 29, 1957, the adjournment date of the 1957 Legislature, within which to file his appeal in the Criminal Court of Appeals. On this basis, the maximum time for perfecting the appeal expired on October 19, 1957, and said appeal was not filed herein until November 26, 1957.

By reason of all of these facts, this Court is wholly without jurisdiction to consider said attempted appeal and the same is accordingly dismissed.

POWELL and NIX, JJ., concur.