Charles E. TEMPLE and Jean Temple, Plaintiffs in Error,

v.

Albert COLLINGS and Bankers Life and Casualty Company, Defendants in Error.

No. 38182.

Supreme Court of Oklahoma.

Sept. 30, 1958.

Rehearing Denied Nov. 12, 1958.

James Duley, Ponca City, for plaintiff in error.

Paul E. Northcutt, Ponca City, for defendant in error.

WELCH, Chief Justice.

Now on this 26 day of September, 1958, this cause coming on for consideration, and the court having examined the record, and it appearing from the record that this appeal must be dismissed for lack of jurisdiction, and being advised in the premises:

1. The Court finds that the matter before the court and the cause should be disposed of in this memorandum decision by order. 12 O.S.1955 Supp. Sec. 976

2. The Court finds that this is an appeal from the County Court of Kay County by case-made and petition in error. The case-made was served on the 14th day of February, 1958. The last order of the trial court extending the time in which to make and serve the case-made expired on the 12th day of February, 1958. Under the rule announced by this Court in numerous cases, among them Graf Packing Co. v. Palphrey, 178 Okl. 95, 62 P.2d 53, and Samuel Dodsworth Book Co. v. Fulcher, 80 Okl. 96, 194 P. 218, where the appeal is by case-made and the case-made is not served within the time given in the last valid order of extension this Court is without jurisdiction of the appeal.

Appeal dismissed.

DAVISON, Justice (dissenting).

I am unable to agree with the result of the "Memorandum Decision by Order" promulgated by the majority of my associates in this case. I am of the opinion that under all of the circumstances in the case it would be inequitable to dismiss the appeal herein.

The facts disclose that counsel for plaintiffs in error did the following things to insure the timely preparation and service of the case-made:

(1) Ordered the case-made immediately after the trial and deposited the required payment for same with the reporter.

(2) Advanced additional monies to photostat the policies involved when counsel for defendants in error was unable to furnish copies of same for the reporter.

(3) Drew the journal entry when counsel for defendants in error had not timely prepared same.

(4) Secured an additional 30 day extension of time from January 13, 1958, to February 12, 1958, even though the case made was completed according to the reporter's certificate on January 10, 1958, except for the journal entry and photostats.

(5) Waited for the delivery of the case-made by the reporter.

(6) Instructed his secretary how to serve the case-made.

(7) While he was out of town on other business on February 11th and 12th, his secretary on February 12th, called the reporter in Newkirk from his office in Ponca City relative to the case-made and was told by the reporter that the reporter did not know that she was supposed to deliver the case-made and that "the local lawyers usually picked up the case-made."

(8) That the case-made reached his office on the morning of February 13, being one day after the time extended by the court to serve the same.

From the above acts on the part of counsel for plaintiff in error, it must be conceded that he was seriously and earnestly, and in all good faith, trying to properly perfect his appeal.

It was the legal duty of the reporter to deliver the case-made to the attorney for plaintiffs in error as required by Title 20 O.S. Sec. 112.

Counsel for plaintiffs in error was a newcomer in the county and by affidavit stated that he was not familiar with the so called "local customs" of picking up the case-made.

That by affidavit herein, the secretary of counsel for plaintiffs in error stated that she served the case-made on the attorney for defendants in error on February 14, 1958, and at that time stated to such attorney that she had not received the case-made until February 13, 1958, and that the receiving attorney replied: "Oh, it's all right, she probably doesn't make up many of these, and she did not know just what to do with it." That counsel for defendants in error then signed the acknowledgment of service of case-made. That on the same date this secretary advised counsel for plaintiffs in error of the above conversation.

Counsel for defendants in error argues that at the time the case-made was served on him, in the form and manner as set forth in the preceding paragraph, he was not aware of the fact that it had not been timely served, and that "even if I had known that case-made had not been served in time it was not within my power to waive the time of service of the case-made."

In answer to this argument counsel for plaintiffs in error states that except for the statement made by opposing counsel at the time the case-made was served on him, the error could and would have been corrected pursuant to Title 12 O.S. Sec. 962, as amended in 1955, which provides as follows:

"The court in which any case has been tried and finally determined may, from time to time make orders extending the time for making and serving a case * * * and in the exercise of judicial discretion the said court or judge, upon notice to the adverse party, and after hearing, may make such orders after the expiration of the time fixed in the previous order, * * *".

Under the above section of the statute, upon proper notice, any court surely would have extended the time to have served the case-made under the facts as disclosed herein.

In my opinion there was simply a misunderstanding between the attorneys that has caused the present situation. I do not impute bad faith or improper motives

on behalf of counsel for either side and in my opinion there was no bad faith or improper motives by any of the parties. There was simply a justifiable misunderstanding that should be corrected.

I firmly believe that in the furtherance of justice, and with the desire that wherever possible every litigant should have his day in court and have a full hearing of his action, we should treat this matter in the light that plaintiffs in error would have proceeded under the curative statute above referred to, had it not been for such misunderstanding. Under the facts before us there can be no possible doubt that the trial court would have extended the time to serve case-made under its discretionary powers.

I, therefore, respectfully dissent.

I am authorized to say that Chief Justice WELCH concurs in the foregoing views.