M. J. MITCHELL, Henry Homes, Sr., and Charles Francis McCauley and William C. Wiederhold, co-executors of the Estate of Randall Gordon Piper, also known as R. G. Piper, deceased, Plaintiffs in Error,

v.

GREAT WESTERN OIL AND GAS COMPANY, a Corporation, James C. Meade, R. P. Ross and Firth C. Owens, Defendants in Error.

No. 38534.

Supreme Court of Oklahoma.

Dec. 15, 1959.

See also Okl., 326 P.2d 794.

Willoughby & Cannon, Calvert L. Cannon, Ada, for plaintiffs in error.

A. W. Trice, Ada, for defendants in error.

HALLEY, Justice.

This is an appeal by case-made from the District Court of Pontotoc County. The case-made was settled on the 5th day of November, 1958, and the appeal was filed in this Court on December 19, 1958.

 A motion to dismiss has been filed for the reason that the case-made was not filed within twenty days as provided by 12 O.S.1957 Supp. § 972. The motion must be sustained. Video Independent Theatres, Inc. v. Walker, Okl., 308 P.2d 958; Smith v. Independent School District No. 16, Payne County, Okl., 321 P.2d 430, 431.

 Plaintiffs in error argue that the trial court extended the time to appeal to December 21, 1958, and the appeal was filed on December 19, 1958, which was prior to the expiration of the six month period authorized by 12 O.S.1957 Supp. § 972. A similar argument was made in Smith v. Independent School District No. 16, Payne County, supra. Therein we stated:

"12 O.S.1955 Supp. § 972, requires that an appeal by case-made be filed in this court within 20 days from the date the case-made is settled and, also requires that such appeal be filed with-

in three months from the date of the rendition of the judgment or final order complained of (or lawful extension of such period). Both of such requirements must be met in order to vest this court with jurisdiction of the appeal. In practical effect, this means that an appeal by case-made must be filed in this court before the expiration of 20 days from the date case-made is settled or the expiration of three months from the rendition of the judgment or final order complained of (or lawful extension of such period), whichever occurs first."

 Under Section 962, 12 O.S.Supp. 1959, the trial court cannot stay the time for filing an appeal beyond twenty days from the settlement of case-made as provided in Section 972, because this Section 962 provides in paragraph (a) as follows:

"* * * but this section shall in no manner be construed as affecting the statutes fixing the limit of time within which an appeal or proceeding in error may be begun in the appellate court."

Appeal dismissed.

WILLIAMS, V. C. J., and BLACK-BIRD, JACKSON, IRWIN and BERRY, JJ., concur.

DAVISON, C. J., and WELCH and JOHNSON, JJ., dissent.

DAVISON, Chief Justice (dissenting).

I am unable to agree with the opinion promulgated by the majority of my associates in this case. I am of the opinion that the appeal procedure followed by the plaintiffs in error was in conformity with the statutes and that the appeal should not be dismissed.

The record reflects that the lower court made an order granting to the plaintiffs in error an extension of time within which to file this appeal in the Supreme Court. The pertinent portion of this order is as follows:

"* * *; and that the plaintiffs be, and they are hereby granted, until De-

cember 21, 1958, to file the Case-made, with Petition in Error, in the Supreme Court of the State of Oklahoma and the time for filing such appeal or proceedings in error in the Supreme Court is extended to and including the 21st. day of December, 1958."

The case made was duly settled in time on November 5, 1958. After due certification and filing in the office of the court clerk of Pontotoc County, the case made and petition in error were filed with the clerk of this court on December 19, 1958. This date of filing was more than 20 days after the settlement of the case made, but was within the time granted by the lower court. The question is, was the extension of time to December 21, 1958, legally valid to permit filing of the appeal after expiration of the 20 day period. In my opinion there was a legal and valid extension.

The controlling statutes are Sections 972 and 962, O.S.1955, Supp. of Title 12. The applicable portion of Sec. 972, is as follows:

"All *proceedings* by case made for reversing, vacating or modifying judgments or final orders shall be commenced within twenty (20) days from the date the case made is settled; provided, however, that such *proceedings* must be commenced within three (3) months from the rendition of the judgment or final order complained of, provided, however, the trial court may in its discretion extend the period of time not to exceed six (6) months from the date of judgment." (Emphasis mine.)

Section 962 is as follows:

"The court in which any case has been tried and finally determined, may, from time to time make orders extending the time for the making and serving of a case, *or* the filing of the *proceedings in error*, for good cause shown, but not beyond the period in which the *proceedings in error* may be filed in the appellate court; and in the exercise of judicial discretion the said court or judge, upon notice to the adverse party, and after hearing, may make such orders after the expiration of the time fixed in the previous order, or time allowed by statute, but this section shall in no manner be construed as affecting the statutes fixing the limit of time within which an appeal or proceeding in error may be begun in the appellate court." (Emphasis mine.)

It is my opinion that a fair and judicial interpretation of these two sections authorizes and empowers the trial court to grant an extension of time in which to file the proceedings in error which will expire after the expiration of the 20 days and after the expiration of the 3 months. The express limitation is that the extension may not be beyond the 6 months period set forth in Sec. 972. Both sections control, limit and direct the perfection of appeal proceedings to this court. All parties appealing to this court are entitled to rely on the provisions thereof without anticipation of a strained interpretation which would defeat their right to a review of the judgments and orders of the lower court.

Perfection of appeal proceedings or proceedings in error in the instant case require the filing of the case made and petition in error. The absence of the case made or the petition in error renders the appeal defective. The plaintiffs in error herein itemized these two necessary elements in the order when they specifically secured an extension of time to file the *case made* and the *petition in error* and for "filing such appeal or proceedings in error" in this court. They could not be more specific, nor could they name any other required element of the appeal. Sec. 962 empowers the trial court to extend the time to file the proceedings in error. The proceedings in error as used here are the case made and the petition in error. Sec. 962 undoubtedly authorizes an extension of the 20 day period after settlement of the case made as provided in Sec. 972.

Sections 972 and 962, as amended, were both passed by the 1955 legislature on the

same date and approved on the same date, and relate to the same subject and have the same general purpose. They are in pari materia and should be construed together and given effect as a whole. State ex rel. Marland v. Phillips Petroleum Co., 189 Okl. 629, 118 P.2d 621. They are presumed to be actuated by the same policy and should be construed together so that both may stand. O'Brien Packing Co. v. Martin, 172 Okl. 157, 44 P.2d 72. The two statutes are not irreconcilable and it is the duty of the court to give effect to both. State ex rel. King v. White, 170 Okl. 126, 39 P.2d 69.

The effect of the majority opinion is to ignore and render inoperative the provisions of Sec. 962. The legislature in passing these two statutes intended that each should be operative and that each should supplement and aid the other in the orderly administration of justice. The importance to plaintiffs in error of an unstrained interpretation of these statutes is as great as the right to appeal. It is of no avail to plaintiffs in error that they have the right to appeal if the court dismiss the appeal in the face of the express provisions of Sec. 962. The Constitution of the State of Oklahoma, Section 6, art. 2, states that courts of justice of this state shall be open to every person, and a speedy and certain remedy afforded for every wrong, and for every injury. I feel that the plaintiffs in error are being deprived of their rights under this constitutional provision. I find no decisions of this court where the facts here presented have been before this court in connection with the above cited statutes.

The majority opinion cites Smith v. Independent School District No. 16, Payne County, as contra to the views herein expressed. The similarity of the cited case to the instant appeal is that in both cases the orders extended the time in which to file the appeal in the Supreme Court. The distinguishing feature is that in the instant appeal the order *also* extended the time in which "to file the Case-made, with Petition in Error, in the Supreme Court".

It is my opinion that the appeal should not be dismissed.

WELCH, J., concurs in the dissenting views expressed herein.