Robin McSPADDEN, Individually and as Executrix of the estate of Anna M. Knight, Deceased, Plaintiff in Error,

v.

John M. MAHONEY, Sr., Defendant in Error.

No. 40815.

Supreme Court of Oklahoma.

Dec. 15, 1964.

Rehearing Denied March 9, 1965.

Richard L. Wheatley, Jr., Vinita, Robert C. Lollar, Miami, and Ralph B. Brainard, Claremore, for plaintiff in error.

Tony Jack Lyons, Pryor, for defendant in error.

WILLIAMS, Justice.

The question to be determined herein is whether, under the provisions of 12 O.S. 1961, § 667, an extension of 60 days to make and serve case-made granted by the trial court to an attorney-legislator, after the commencement of a session of the Legislature, extended the time for so making and serving case-made until 60 days after adjournment of the Legislature.

This matter comes on for consideration of motion of defendant in error to dismiss the appeal herein of plaintiff in error for the reason that the "appeal was not timely perfected".

The facts pertinent to the issue herein are that the trial court on December 28, 1962, entered judgment for defendant in error; that on such date plaintiff in error filed her motion for a new trial; that on January 15, 1963, such motion was overruled; that thereupon plaintiff in error in open court gave notice of appeal and was granted an extension of 60 days to make and serve case-made; that Mr. Lollar, one of the attorneys of record for plaintiff in error was a member of the Twenty-ninth Oklahoma Legislature, which was then in session; that the 29th Session of the Legislature convened prior to January 15, 1963, and adjourned on June 14, 1963; that the next order by the trial court was dated August 13, 1964, and it granted plaintiff in error 60 days from that date to make and serve case-made.

Title 12 O.S.1961, § 667, in pertinent part provides:

"* * * And when any litigant has given notice of appeal from any judgment of any court of record in this State to the Supreme Court or Criminal Court of Appeals and the time for doing any act to perfect such appeal has, or does hereafter lapse during the session of the Legislature, whether regular or special, and the said litigant is a member of the Senate or House of Representatives, of the State of Oklahoma, in such session, or his attorney of record is such member, such litigant or

attorney shall have such time after the adjournment of the session of the Legislature to perform such act and complete his appeal as he had at the commencement of the session of the Legislature, of which he or his attorney of record was a member, and all acts done in the perfection of such appeals shall be as valid as if done within the time provided."

The Court of Criminal Appeals of Oklahoma in the case of Fitzgerald v. State, 65 Okl.Cr. 1, 83 P.2d 581, had occasion to consider an appeal in which an attorney for the defendant was a member of the Legislature and in which case a judgment of conviction was rendered against the defendant after the Legislature had gone into session.

The Court in paragraph 3 of the syllabus of its opinion said:

"Under Ch. 2, Art. 1, Session Laws 1935, 12 Okl.St.Ann. § 667, where the defendant or his attorney of record is a member of the Senate or House of Representatives, and the Legislature is in session at the time a judgment of conviction is rendered, the defendant or his attorney shall have such time after the adjournment of the session to perfect his appeal as he had when the judgment was rendered."

■ By the terms of 12 O.S.1961 § 958, plaintiff in error was granted 15 days from date of overruling of her motion for new trial (January 15, 1963) to make and serve case-made. The Court's order of that date extended such time in effect, for an additional 45 days, i. e., to a total of 60 days.

Such 60 day period, but for the effect of section 667, supra, would have lapsed on March 16, 1963, or considerably prior to adjournment of the Legislature (June 14, 1963).

The trial court made an order on February 11, 1963, (as distinguished from the January 15, 1963, order,) granting plaintiff in error "such time after adjournment of the 29th session of the Legislature to perfect appeal herein as * * * [she] had at the commencement of the session." This was a superfluous order because it merely purported to do what sections 958 and 667, supra, had already done and that fifteen-day period had been extended previously to sixty days by the trial court's order of January 15, 1963. That is not to say that it would not be better practice to have the trial court in such cases spell out its meaning in a proper order.

The question then arises as to whether the Legislature by the enactment of section 667 intended that a period of time granted by statute or court order to make and serve case-made which commenced after a legislative session began should lapse during the session. We hold it did not.

■ Defendant in error calls our attention to the fact that in its order of January 15, 1963, the trial court extended the time within which plaintiff in error could make and serve case-made to 60 days, and that such period expired on March 16, 1963. He argues that the making and serving of case-made is not included within the phrase "perfecting appeal" as used in section 667, supra. We do not agree.

Title 12, O.S.1961, chapter 15, Appeal and Error, § 956 provides in part that "In all actions hereafter instituted by petition in error in the Supreme or other appellate Court the plaintiff in error shall attach to and file with the petition in error the original case-made, filed in the court below, or * * *" etc.

The attaching of a case-made to a petition in error and the filing of same simultaneously therewith is a requisite part of a valid appeal by case-made.

In the case of Lacer v. Davis Hat Co., 189 Okl. 696, 119 P.2d 850, this Court said:

"Where the purported appeal is by case-made and there is a failure to comply substantially with Section 532, O.S. 1931, 12 Okl.St.Ann. § 956, in furnishing a sufficient case-made and no reasonable excuse is offered for such failure, the proceedings in error will be dismissed."

In the recent case of Wanner v. Wanner, Okl., 350 P.2d 241, this Court discussed the two requirements of 12 O.S.1955, Supp. § 972, (now 12 O.S.1961 § 972) that an appeal by case-made be filed in this Court within twenty days from the date the case-made is settled and that an appeal be filed within three months from the date of the rendition of the judgment or final order complained of (or lawful extension of such period). In the syllabus of that case we said:

"Both such requirements must be met in order to vest this court with jurisdiction of the appeal."

It is to be noted that all references in our statutes to the making, serving and filing of case-mades to which we have referred appear in chapter 15 of Title 12, Civil Procedure, O.S.1961, under the heading "Appeal and Error".

We hold that when in section 667, supra, it used the expressions, "for doing any act to perfect such appeal", "to perform such act and complete his appeal" and "all acts done in the perfection of such appeals" the Legislature not only intended to but necessarily did include acts done in furtherance of the making and serving of case-made.

By virtue of section 667, supra, if notice of appeal is given in a case in which a legislator is either a party-litigant or an attorney, before the beginning of a legislative session, and the time to make and serve case-made would elapse during such session, the time is extended beyond the adjournment of the session by the number of days such litigant- or attorney-legislator had at the commencement of the session to so make and serve case-made.

■ It is readily apparent that the Legislature failed to specify whether it intended that a period of time granted *after* the beginning of a legislative session and otherwise elapsing during the session would also be extended so that the litigant- or attorney-legislator would have the same maximum time after the adjournment of such session as he may have had during the session, as would be the case had his period of time to make and serve case-made commenced to run *before* the session started.

■ The expression "time * * * has or does hereafter lapse" includes (1) time that started before the session and lapses and (2) time that started after commencement of the session and lapses. The failure of the Legislature to be more specific as to whether it meant the one or the other or both makes the statute ambiguous and uncertain in its effect and authorizes this Court in its interpretation thereof to read into the statute the Legislature's true intent to avoid such ambiguity and uncertainty.

It has been noted that in the event the time granted the litigant- or attorney-legislator "lapses" during the session, "such litigant or attorney shall have such time", etc. Apparently, by no distinctions being drawn, it was intended that the periods to which such lapsing applied would include those commencing during a session as well as those commencing prior to the opening of a session.

It is to be further noted that the statute specifically refers to an appeal initiated prior to the commencement of a session of the Legislature but it does not specifically mention an appeal initiated after the Legislature has convened.

Although the first portion of the quoted part of the statutory provision makes no distinction between a case where notice of appeal is given prior to the time the Legislature convenes and a case where notice of appeal is given after the Legislature convenes, the second portion of such quoted part of the statute would appear by its terms to relate only to those cases where notice of appeal has been given prior to the time the Legislature convenes. The basis for this construction is that if notice of appeal is given after the Legislature convenes, the litigant-attorney had no time to do any act in perfecting an appeal at the commencement of the Legislative session and the statutory provision specifically states "such litigant or attorney shall have such time after the adjournment * * * as he has at the commencement of the session * * *".

Therefore, the Legislature has made no distinction between cases where notice of appeal has been given prior to beginning of the Legislative session and where notice of appeal has been given after beginning of the Legislative session, but has specified the rights of the litigant- or attorney-legislator giving notice of appeal prior to the Legislative session and has not specified the rights of litigant- or attorney-legislator where notice of appeal is given after the Legislative session. It necessarily follows the Legislature has included in the above statutory provision, those cases where notice of appeal has been given after the Legislature has convened, without specifically stating what those rights are.

It is to be further noted that the first part of section 667, supra, (not quoted herein), provides that a member of the Legislature who is an attorney of record in a cause is entitled to a continuance of such action while the Legislature is in session regardless of whether he was "employed before or during the session of the Legislature". Here, the Legislature made no distinction between one employed before the session started and one employed during the session. To the contrary, it specified that no distinction should be made on such basis. It would seem therefore that the Legislature did not intend to distinguish between a cause in which notice of appeal was given one or more days before the commencement of a session of the Legislature and a cause wherein the notice of appeal was given during the session.

In the case of Keck v. Oklahoma Tax Commission, 188 Okl. 257, 108 P.2d 162, 164, is the following language:

"It is a cardinal rule that in the construction of statutes the legislative intent must govern and to arrive at the legislative intent the entire Act must be considered and when the intention of the legislature can be gathered from the entire statute, words may be modified, altered or supplied to give the statute the force and effect which the legislature intended. Oklahoma Natural Gas Co. v. Corporation Commission, 90 Okl. 84, 216 P. 917."

In State ex rel. Rucker v. Tapp, Okl., 380 P.2d 260, 263, we said:

"In 50 Am.Jur., Statutes, Sec. 226, p. 209, it is stated:

" ' * * * (U)se may be made by the courts of aids to the construction of the meaning of words used in a statute, even where, on superficial examination, the meaning of the words seem clear. Ambiguity of statutes may arise otherwise than from fault of expression. An ambiguity justifying the interpretation of a statute, is not simply that arising from the meaning of particular words, but includes such as may arise in respect to the general scope and meaning of a statute when all its provisions are examined. * * * ' "

In the case of Big Cabin Creek Conservancy District No. 1 of Craig County, Oklahoma, Okl., 382 P.2d 756, 758, we stated:

" 'In construing the statute we have kept in mind the well-established rule that an ambiguous statute will be given a reasonable and sensible construction. In the second paragraph of the syllabus to Brown v. State Election Board, 197 Okl. 169, 170 P.2d 200, this was said:

" 'Where a statute is ambiguous or the literal meaning of the statute would lead to absurd consequences which the Legislature probably did not contemplate, the courts must presume that such consequences were not intended, and should adopt a construction that is reasonable and will avoid an absurdity.' "

The intent, tenor and spirit of the subject section is to carry forward to the end of the session the time within which litigant- or attorney-legislator may perfect his appeal and for him then to have such time to appeal as he had theretofore had pursuant to some other statute or order. The Legislature intended to postpone the lapsing of time for doing any act to perfect an appeal for the period of time the Legislature should be in session.

We consider that section 667 provides for a legislative postponement upon assertion of the right but without the necessity of applying therefor. The trial court under section 958, supra, may by order grant an extension of the statutory fifteen day period to make and serve case-made for 60 (or other number of) days. As hereinafter held, no part of the trial court's extension can elapse while the legislative postponement is running. Upon adjournment of the Legislature and the lapsing of its postponement by such adjournment, as provided by Sec. 667, the statutory time (fifteen days) and the trial court's extension order, if any, of 60 (or other number of) days takes effect and such time commences to run. The Legislature has not expressed an intent or purpose of interfering with the right of the trial court to fix time to make and serve case-made or with an order of the trial court fixing such time. Through Section 667, the Legislature intended only to establish the time that such an order of the trial court should take effect. In fact that is the only subject with which the quoted portion of the statute did deal.

From a study of the entire statute, it appears the Legislature desired to give litigant- and attorney-legislators protection against being found in default in pending litigation in which they had an interest, during a legislative session. The general tenor of the statute seems to support this conclusion.

In view of our findings already recited, under the above authorities we are authorized to determine what the Legislature intended section 667, supra, to provide with reference to the question involved in this case. We have noted hereinabove the holding of the Court of Criminal Appeals in the case of Fitzgerald v. State, Supra, with reference to a practically identical question. We find the reasoning in the decision in that case to be highly persuasive here.

We can only conclude and hold that where notice of appeal is given by a litigant- or attorney-legislator while the Legislature is in session, and time for making and serving case-made would otherwise lapse during such legislative session, the running of the statutory time (under Title 12 O.S.1961 section 958, i. e. 15 days, or any valid court order extending such time) for making and serving case-made is held in abeyance while the Legislature is in session, and on adjournment thereof, the time granted by statute or valid order extending time to make and serve case-made commences to run. In other words, under such condition, section 667 tolls the running of time during the legislative session and the time allowed by statute or court order commences to run after the adjournment of the Legislature and not from the date it would have commenced to run had the Legislature not been in session.

For the reasons hereinabove set forth, we hold that the fifteen day statutory time as extended by the trial court to sixty days to make and serve case-made commenced to run upon adjournment of the Twenty-ninth Legislative Session. Within lawful extensions of that time, additional extensions were taken before expiration of which case-made was served, appeal was filed, et cetera. Therefore, the appeal brought herein was timely filed and the motion to dismiss should be and is hereby denied. It is further ordered that this cause proceed to briefing on the merits of the controversy.

BLACKBIRD, C. J., and DAVISON, JOHNSON, IRWIN and BERRY, JJ., concur.

HALLEY, V. C. J., and JACKSON, J., dissent.

DAVISON, Justice (concurring specially).

The statutes governing appeal procedure are an essential part of the administration of justice, whereby there will be furnished to litigants a fair and just review of the order or judgment that determined their controversy. When a party is deprived of this review because of a strict and technical interpretation of some equivocal rule of appeal procedure, he feels (in my opinion

rightly so) that his matter has not received its fair share of the administration of justice.

It has long been my opinion that ambiguous statutes providing the procedure to be followed in perfecting an appeal to this court should be construed, where it is reasonably possible to do so, to the end that this court may review the appellant's contentions as to the invalidity or unjustness of the order of judgment rendered against him. To do otherwise would thwart the intent of the legislature to furnish a means by which all dissatisfied litigants may secure a determination in this court of their complaints that there was a miscarriage of justice because of error in the proceeding or action in the lower court.

My opinions in the above respects have been expressed in dissents in City of Cleveland v. Hambright, Okl., 320 P.2d 388; Temple v. Collings, Okl., 331 P.2d 938; Mitchell v. Great Western Oil and Gas Company, Okl., 347 P.2d 1039; Wanner v. Wanner, Okl., 350 P.2d 241; and Auto Convoy Company v. Smith, Okl., 351 P.2d 1053.

For the reasons above stated, I concur in the opinion of the majority of this court.

HALLEY, Vice Chief Justice (dissenting).

This case presents an issue of statutory construction. The problem posed, when properly analyzed, calls for our determination of this question: Where notice of appeal by a legislator-lawyer or litigant, who avails himself of the benefits of 12 O.S.1961 § 667, is given *while* the Legislature remains in session, when do the terms of that statute interpose themselves to suspend the running of all such time limits prescribed by law for perfecting an appeal as would expire during the legislative session?

In its pertinent part Section 667 provides:

"* * * And when any litigant has given notice of appeal from any judgment of any court of record in this State to the Supreme Court or Criminal Court of Appeals and the time for doing any act to perfect such appeal has, or does hereafter lapse during the session of the Legislature, whether regular or special, and the said litigant is a member of the Senate or House of Representatives, of the State of Oklahoma, in such session, or his attorney of record is such member, *such litigant or attorney shall have such time after the adjournment of the session of the Legislature to perform such act and complete his appeal as he had at the commencement of the session of the Legislature * * *".* (Emphasis supplied.)

The cited statute spells out with all necessary particularity the benefits conferred thereby on legislator-lawyers and litigants who give notice of appeal before commencement of the legislative session. It makes no specific provisions for cases where notice is given after the Legislature has convened. There exists no sound reason of policy for according to a legislator who gives notice of appeal before the session a treatment substantially different from that accorded to one who gives such notice during the session. The language of the statute under consideration evinces no intent to exclude the latter class of appeals from the benefits of section 667. In the absence of any restrictive provisions, we will presume that like benefits were contemplated in both classes of appeals and that the Legislature did intend to apply these benefits to both classes in a nondiscriminatory manner. Letteer v. Conservancy District No. 30, Okl., 385 P.2d 976, 802.

I therefore concur in that part of the opinion which holds that the benefits of section 667 must be extended to both classes of appeals. My disagreement with the majority concerns the manner in which the plain terms of section 667 are construed in their application to situations where notice of appeal is given after commencement of the legislative session.

By unmistakably plain terms of the quoted statute one who may benefit therefrom is allowed "such time after the adjournment of the session" as such party *"had at the commencement of the session"* to perform any necessary act in perfecting an appeal for which act the then existing time limit would expire while the Legislature remains in session. How much time did the appellant here have at the commencement of the session to serve the case-made poses a crucial point under inquiry because she had exactly the same length of time to complete that very act after adjournment.

Had notice of appeal been given here before the Legislature convened, appellant would have had at the commencement of the session such time to serve case-made as did then remain unexpired either under the law or under the last prior extension order. This is because section 667 operates to interrupt and suspend at the commencement of the session the running of the time limits which would expire during the session and the entire unexpired portion of time inures to appellant's benefit following the adjournment of the Legislature. Warren v. State, Okl.Cr., 325 P.2d 752, 753.

The benefits of section 667 are manifestly self-executing. They will apply without any judicial action. The statute need not be expressly or directly invoked. Its terms operate by their own force to arrest and suspend all such time limits for perfecting an appeal as would expire while the Legislature remains in session. This period of suspension attaches by direct force of law. Its length stands fixed by the statutory language. The period commences to run when the Legislature convenes and the time which *then* remains unexpired is allowed to run from the date the Legislature adjourns. The precise point of time at which the statute may be invoked by an affirmative act of the legislator is wholly immaterial. Such act neither adds to nor detracts from the length of the statutory suspension period.

Once so fixed by statute as of the time the Legislature convenes, the statutory suspension period cannot be altered or disturbed by an order of the trial judge made during the session unless the intent to procure and effect not an extension of time but one reaching beyond the length of the statutory benefits under section 667 is clearly and explicitly expressed. In the absence of a clear indication, any time extended during the session by order of the trial judge must be deemed to *run concurrently* with the session instead of extending beyond it. This is so because the very act of procuring an extension during the session is utterly incompatible with a claim of benefits under section 667 unless it clearly appear that the length of the suspension period rather than a statutory time limit which is about to expire is sought to be enlarged. In *this* case it is clear that the order of extension procured by appellant was intended to enlarge merely the current statutory time limit which was about to expire.

In the case at bar, notice of appeal was given after the Legislature had convened. Strictly speaking, there was hence at the commencement of the session no current time period yet in existence the running of which would be interrupted so that the unexpired remainder might be saved and be added after the adjournment. The only time appellant may be deemed to have had at the commencement of the session for service of case-made is that which stood fixed by the general appellate procedure then in force. This time limit, prescribed by 12 O.S.1961 § 958, was fifteen days. Therefore, the time granted appellant under section 667 to serve case-made expired 15 days after the Legislature adjourned June 14, 1963. She did not procure an extension until August 13, 1963. Neither the order of that date nor any subsequent order can operate as a valid retroactive extension so as to fill the time gap left by the belated extension of August 13, 1963. None of these orders was made in compliance with

the procedure prescribed by 12 O.S.1961 § 962, for granting a retroactive extension of time. See, De Wees v. Cedarbaum, Okl., 381 P.2d 830.

The course taken by the majority utterly disregards the plain language of the statute which allows a suspension period whose point of beginning stands fixed *as the day the Legislature convenes.* No special treatment is accorded to legislators who give notice of appeal after commencement of the session. The statute does not say that a legislator who gives notice of appeal after the Legislature convenes has such time beyond adjournment as he may procure from the trial judge from time to time to enlarge current statutory time limits. The court's decision, while saving one legislator's appeal, introduced into the decisional law a patently faulty construction of the statute. If the statute, as we hold, applies to cases where notice of appeal is given before as well as after the adjournment, the benefits should be measured by the strict language of the statute in both classes of cases. These benefits must be deemed to stand fixed as of the time the Legislature convenes. Their enlargement should not be allowed by an order of the trial judge made during the session unless such order clearly shows that it operates to extend the statutory suspension period rather than the current time limits which are about to expire.

At the time the legislative session commenced appellant had only 15 days to serve case-made. This time was extended prospectively during the session by an order which discloses no intent other than to enlarge the 15 day limit. The order could not therefore alter the length of the suspension period already fixed by force of section 667.

I dissent.

I am authorized to state that Mr. Justice JACKSON concurs in the views herein expressed.

## SUPPLEMENTAL OPINION ON REHEARING

IRWIN, Justice.

In his petition for rehearing, defendant in error contends the time for filing the appeal herein expired December 10, 1963; that the same was not filed until December 11, 1963; therefore, this Court has no jurisdiction. We have carefully examined the orders of the trial court extending the time in which to make, prepare and serve case made and the time within which the appeal could be lodged and agree with defendant in error that if the appeal was not filed in this Court on or before December 10, 1963, the same was not filed within the time allowed and this Court did not acquire jurisdiction.

However, in a response to a motion to dismiss, the plaintiff in error represents that on December 10, 1963, he presented for filing his petition in error with case made attached, together with the required $25.00 filing fee to the Clerk of this Court, but the Clerk did not file the same because the case made did not contain a certificate of the trial judge showing the last day the appeal could be filed but demanded that said certificate be first submitted; that the petition in error with case made attached, together with the $25.00 filing fee was left in the possession of the Clerk of this Court and the required certificate was furnished on December 11, 1963.

At the time the petition in error with the case made attached was presented and deposited with the Clerk of this Court on December 10, 1963, this Court had not construed Title 12 O.S.Supp.1963, § 972 (c). However, on July 7, 1964 this Court promulgated an opinion in the case of Poafpybitty v. Skelly Oil Co., Okl., 394 P.2d 515, wherein it is held:

"Mere failure to attach a certificate specifying the latest date for the commencement of a proceeding in error in the Supreme Court does not render the 'reception' of an appeal 'inadvertent'

within the meaning of 12 O.S.Supp., 1963, Sec. 972(c), and if an appeal be timely brought, its dismissal is not required by that statute."

It is therefore apparent the Clerk of this Court considered the failure to include the certificate above referred to, as jurisdictional.

We now have before us the affidavit of Andy Payne, Clerk of the Supreme Court, which is as follows: (omitting caption).

"I, Andy Payne, of lawful age and sound mind, having been first duly sworn, depose as follows:

"1. I am now, and was at all times mentioned herein, the duly elected, qualified and acting Clerk of this Court.

"2. On December 10, 1963, a member of the Bar from Vinita, Oklahoma, known to me as Richard L. Wheatley, Jr., Esq., delivered to me at my office in the State Capitol in Oklahoma City, a petition in error with case made attached thereto, together with a cost deposit of $25.00, for the purpose of effecting the institution of an appeal in this cause. In the presence of Mr. Wheatley I did then examine the record so delivered, and, finding in the case made no certificate of the trial judge specifying the latest date for the commencement of this appeal, I declined to file the instruments tendered by Mr. Wheatley. Instead, I advised Mr. Wheatley to telephone the trial judge and request that the desired certificate be executed and sent to my office.

"3. All instruments delivered by Mr. Wheatley on December 10, 1963, were retained in my office until the following day, when the requisite certificate arrived by mail in a letter from the trial judge. I then regularly docketed this cause as filed on December 11, 1963.

"Further affiant sayeth not.

"(Signed) Andy Payne."

 Upon depositing the petition in error with case made attached, together with the $25.00 filing fee, with the Clerk of the Supreme Court for filing, the plaintiff in error completed every duty imposed upon him for the commencement of the proceeding in error herein.

In the case of Tucker v. Thraves, 45 Okl. 209, 145 P. 784, we quoted from the Kansas case of Schmuck v. Missouri K. & T. Ry. Co., 85 Kan. 447, 116 P. 818, as follows:

"When the party appealing has complied with all that the law requires of him in order to perfect an appeal, his rights cannot be prejudiced, nor can the jurisdiction of this court be defeated, by the failure of the clerk of the trial court to perform a duty which the statute imposes upon him."

In the body of the opinion, we said:

" * * * It is the actual depositing in the office with the clerk of the trial court which in law constitutes the filing. When the case-made is deposited with the clerk or his duly authorized deputy, in his office with the intent and for the purpose of filing with the papers in the cause, in law it is a valid filing and effective as such, although the clerk neglects to place the file mark thereon or stamp same as filed; the purpose of which is to furnish evidence of such filing. * * *"

And we held:

"A motion is filed to dismiss this appeal on the ground that the case-made was never filed with the papers in the case in the trial court. The case-made contains no file mark or stamp of the clerk, showing the same to have been filed in the office of the clerk of the trial court. A certificate and also an affidavit of the clerk are filed with the response to said motion, which show that said case-made was deposited with the clerk for the purpose of filing and placed with the papers in the cause, and was thereafter withdrawn, to be filed in the Supreme Court. Said certificate and affidavit of the clerk are uncontroverted. Held, that that under

the law the depositing with the clerk for the purpose of filing constituted a valid filing, and this court is authorized and will receive evidence showing said case-made to have been filed. Held, further, the motion to dismiss should be overruled."

In this connection see also In Re Toskey's Estate, Sawyer v. Foster, 157 Okl. 216, 11 P.2d 491; McIntosh v. Palmer, 173 Okl. 367, 48 P.2d 815; and Bauer v. Samples, 181 Okl. 161, 72 P.2d 813.

The deposit with the Clerk of this Court of the petition in error with case made attached, together with the $25.00 filing fee, constituted commencement of the proceedings in error and the Clerk of the Supreme Court is directed to show the appeal as having been filed and commenced on December 10, 1963.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, JOHNSON, WILLIAMS, BLACKBIRD and BERRY, JJ., concur.