**BILLINGTON LUMBER COMPANY, a corporation, Plaintiff in Error,**

v.

**HOME INSURANCE COMPANY, a corporation, Defendant in Error.**

**No. 42647.**

Supreme Court of Oklahoma.

May 7, 1968.

Raymond Criswell, Wewoka, for plaintiff in error.

S. W. Biggers, Wewoka, Franklin, Harmon & Satterfield, Oklahoma City, for defendant in error.

HODGES, Justice.

Consideration of the matter herein adjudicated is by the court undertaken on the motion by the defendant in error to dismiss. The ground for dismissal is that the case made was not made and served within the time allowed by 12 O.S.1961, § 958 or within an extension of time allowed pursuant to 12 O.S.Supp.1965, § 962.

The motion for new trial was disposed of by order entered March 13, 1967, and the trial court at that time granted an extension of time for making and serving case made to a time 30 days from March 13, 1967, allowing 10 days for suggested amendments and five days notice of settlement. That extension constitutes an extension of 15 days in addition to the 15 days provided in § 958, McSpadden v. Mahoney, Okl., 402 P.2d 656, and the extension expired April 12, 1967. On April 26, 1967, another order was entered granting an extension of 30 days from April 26, 1967. This second extension order was unquestionably ex parte.

Retroactive extensions are authorized for good cause shown but can be granted only on notice and hearing. 12 O.S.Supp.1965, § 962. On the record delineated and subsequent extensions the case made was served on August 16, 1967. The last extension order dated July 24, 1967, allowed 25 days from July 25, 1967, with 10 days for amendments and three days notice of settlement. The case made contains an instrument executed by the attorneys of record dated August 28, 1967, wherein the defendant in error by counsel waives the right to suggest amendments and further waives time and notice of presentation of the case made to the trial judge for settlement, signing and certification, and consenting that the case made could be settled, signed and certified without notice to the defendant in error at such time as the trial judge found convenient.

Thus no objection to the hiatus was interposed at the time of settlement. The case made further contains the agreement of the parties by counsel that the case made is complete and embodies all the pleadings filed and proceedings had in the trial court.

 In a long and consistent series of opinions typified by Independent School District No. 4 v. Purdy, Okl., 322 P.2d 206, this court has held that an appeal attempted by case made not served within 15 days after the final order or within a time fixed by a timely and valid order extending the time for service of the case made does not invoke the appellate jurisdiction to review the errors complained of and that such an attempted appeal would be dismissed. The provisions of 12 O.S.Supp.1965, § 988 necessarily modify those decisions to the extent that, where possible, objections to the making and serving of a case made as provided by §§ 958 and 962 must be first presented prior to or at the time of settlement of the case made and may not be raised for the first time before this court.

Calculating from the date of disposition of the motion for new trial the latest date for commencement of appellate proceedings in this cause was September 13, 1967. The case made was served August 16, 1967, and settled by the trial judge on August 28, 1967. There remained after settlement 16 days of the six month period of limitation provided in 12 O.S.Supp.1963, § 972. Had the objection been raised at settlement, an application for a retroactive extension could have been heard on adequate notice. Assuming good cause shown the defect could have been easily remedied. There can be little doubt the legislature sought to protect the jurisdiction of this court in these instances by the enactment of § 988 and the effect of that enactment will clearly be salutary.

Because of the effect of this decision construing a remedial statute on civil appellate procedure the court propounds this decision on the motion by the defendant in error to dismiss in advance of adjudication of this cause on the merits, for the guidance of the general public and particularly the bench and bar. Plaintiff in error is allowed 30 days from the date of this opinion to file brief.

All Justices concur.