LABOR
It was the intention of the Legislature in enacting Senate Bill 247, Second Session, Thirty-sixth Oklahoma Legislature (1978), that the American National Standards Institute Code be controlling in determining the qualifications of welders in the State of Oklahoma. Further, in dealing with interstate pipelines, to the extent federal regulations conflict with state regulations, federal regulations are controlling. The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following questions: 1. What welding code was intended by the Legislature, in the enactment of Senate Bill 247, to govern the qualification of welders in the State of Oklahoma? 2. In situations governed by the United States Department of Transportation and Title 49 of the Code of Federal Regulations, dealing with interstate pipelines, would the federal regulations control over the state regulations to the extent that they conflict? Section 11 of Senate Bill 247, Second Session, Thirty-sixth Oklahoma Legislature (1978) provides as follows: "The following United States of America Standard Institute Codes shall be the piping codes for this state: "1. The power piping code; "2. The fuel gas piping code; "3. The gas transmission and distribution piping system code; "4. The petroleum refining piping code; and "5. The liquid petroleum transportation piping system code." We are advised by the State Department of Labor that the cited code does not exist. However, there is a code entitled "The American National Standard Institute Code" covering the same subject matter. We are further advised that no other code of a similar name exists. It is therefore apparent that the code referred to in Section 11 of Senate Bill 247 was intended to be the American National Standards Institute Code. As the Court stated in McSpadden v. Mahoney, 402 P.2d 656 (Okl. 1964): "It is a cardinal rule that in the construction of statutes the legislative intent must govern and to arrive at the legislative intent the entire act must be considered and when the intention of the Legislature can be gathered from the entire statute, words may be modified, altered or supplied to give the statute the force and effect which the Legislature intended." Id. at 660 With regard to your second question, there is a long line of cases which state that, in dealing with interstate matters, the federal law controls over the state law to the extent the two conflict. Therefore, in dealing with the construction requirements of interstate pipelines, the federal regulations applying thereto are controlling over conflicting state regulations. It is, therefore, the opinion of the Attorney General that your questions be answered as follows. It was the intention of the Legislature in enacting Senate Bill 247, Second Session, Thirty-sixth Oklahoma Legislature (1978), that the American National Standards Institute Code be controlling in determining the qualifications of welders in the State of Oklahoma. Further, in dealing with interstate pipelines, to the extent federal regulations conflict with state regulations, federal regulations are controlling. (JOSEPH J. REINKE) (ksg)