OSCN Found Document:IN THE MATTER OF THE TERMINATION OF PARENTAL RIGHTS OF SCHULTZ

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 IN THE MATTER OF THE TERMINATION OF PARENTAL RIGHTS OF SCHULTZ
2017 OK 5
Case Number: 114452
Decided: 01/18/2017
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2017 OK 5, __ P.3d __

 

IN THE MATTER OF THE TERMINATION OF PARENTAL RIGHTS OF BRUCE DEAN SCHULTZ TO JARED BRUCE
Petitioners/Appellants.

ON APPEAL FROM THE DISTRICT COURT OF TULSA COUNTY, OKLAHOMA, 
THE HONORABLE KURT D. GLASSCO, DISTRICT JUDGE

¶0 Appellants, Bruce Dean Schultz and Jared Bruce mutually seek to vacate their adult adoption granted ten years prior. The trial court opined that because the Oklahoma Adoption Code, 10 O.S. 2011, § 7507-1.1, does not address the vacation of adult adoptions, it lacked authority to grant the vacation sought by both parties. Appellants appealed directly to this Court as a matter of first impression, and we retained the matter.

REVERSED AND REMANDED.

Michael C. Redman, Neuens Mitchell Bonds, PLLC, Tulsa, OK, for Petitioners/Appellants.

Winchester, J.

¶1 The issue in this case is whether the trial court lacked authority to vacate an adult adoption where both parties sought the termination of parental rights as competent adults. The trial court opined that because the Oklahoma Adoption Code, 10 O.S. 2011, § 7507-1.1, neither authorizes nor prohibits the vacation of adult adoptions, it lacked authority to vacate the existing order. Appellants appealed to this Court directly, and we retained the first impression matter.

¶2 Based on the Legislature's provisions in granting adult adoptions, parallel provisions for vacating adoptions of minor children, and the overall intent of the Adoption Code, we find error warranting remand to the trial court to rehear Appellants' petition. As the trial court has already found consent and competency of the parties, upon remand it need only conduct a best-interest determination in deciding the matter. With neither bad faith nor fraudulent motive of the parties, we find no evidence to suggest that the termination of rights herein would not serve their best interests.

PROCEDURAL BACKGROUND

¶3 In June 2005, Tulsa County entered a Decree of Adoption between Appellants Bruce Dean Schultz and Jared Bruce, both adults at the time of the adoption. Pursuant to the decree, Appellants assumed all legal and relational implications of the adoption over the next ten years. In July 2015, however, Appellants mutually agreed that terminating the parent-child relationship was in their best interests. Accordingly, they jointly filed a petition in Tulsa County to vacate the existing order. At the hearing, the trial court suggested that termination of the relationship would serve the best interests of the parties. However, since the Oklahoma Adoption Code does not address the vacation of adult adoptions, the trial court ultimately ruled that it lacked authority to vacate the existing order regardless of the parties' interests.

¶4 The trial court recognized that while the Adoption Code does not expressly authorize the vacation of adult adoptions, it remains equally silent as to prohibiting such an action. Further, the trial court emphasized that "no minor children [were] involved" in the adult adoption, and the motive of the parties was "made in good faith and not to defraud any third party." Pointing to its lack of authority to interpret otherwise, the trial court encouraged Appellants to appeal to seek this Court's interpretation of the statute. We retained the matter.

STANDARD OF REVIEW

¶5 In matters regarding adoption, the best interest of the adoptee, usually a minor child, provides a paramount consideration. Daniel v. Daniel, 2001 OK 117, ¶ 21, 42 P.3d 863, 871. When reviewing the trial court's determination of parental rights, this Court evaluates for an abuse of discretion. Scocos v. Scocos, 2016 OK 36, ¶ 5, 369 P.3d 1068, 1070. "The term 'discretion' denotes the absence of a hard and fast rule" and a judgment made "with a regard to what is right and equitable under the circumstances." Stewart v. Oklahoma Tax Comm'n, 1946 OK 132, ¶ 14, 168 P.2d 125, 128. What constitutes an "abuse of discretion" depends upon the circumstances surrounding each case. Id. at ¶ 15, 168 P.2d at 129. We give deference to the trial court in its assessment of the facts, as it "is better able to determine controversial evidence by its observation of the parties, the witnesses and their demeanor." Hoedebeck v. Hoedebeck, 1997 OK CIV APP 69, ¶ 10, 948 P.2d 1240, 1243.

DISCUSSION

¶6 Before today, this Court has not addressed the adult adoptions section of the Oklahoma Adoption Code, 10 O.S. 2011, § 7507-1.1. This single-paragraph section delineates the circumstances under which a district court may grant an adult adoption, yet remains silent as to whether the court may subsequently vacate such a decree. The statute's brevity regarding adults is not surprising, as the Adoption Code is concerned primarily with ensuring the best interests of children in adoption. 10 O.S. 2011, 7501-1.2(A)(1). Indeed, the Adoption Code addresses at length the circumstances under which a district court may and shall terminate parental rights in adoptions of minor children. See 10 O.S. 2011, §§ 7505-4.1-4.3.

¶7 The trial court concluded that absent a statutory authorization or prohibition, it remained powerless to determine the best interests of the parties in the existing adoption. Under this reasoning, the statute's silence, in effect, would require the perpetuation of adult adoptions in even the most extreme of circumstances, even where the termination of rights would serve the best interests of the parties. As this outcome would contravene the overall purpose of the Adoption Code as well as the Legislature's recognition of termination in adoptions of minors, the Court must reasonably interpret the statute to avoid such incongruent results.[1]

¶8 Without specific language, the Court looks to the surrounding text and legislative intent to determine a result in accordance with the statute. Keck v. Okla. Tax Comm'n, 1940 OK 352, 108 P.2d 162. In the absence of clear statutory language, this Court has long allowed judicial interpretation and supplementation where necessary to achieve the overall intent of the statute:

It is a cardinal rule that in the construction of statutes the legislative intent must govern and to arrive at the legislative intent the entire [a]ct must be considered, and when the intention of the legislature can be gathered from the entire statute, words may be modified, altered or supplied to give the statute the force and effect which the legislature intended.

Id. at ¶ 7, 108 P.2d 162, 164. (citing Okla. Nat. Gas Co. v. Corp. Comm'n of Okla., 1923 OK 400, ¶ 16 216 P. 917, 921.)

¶9 It is well established that the purpose of the Adoption Code is "to ensure and promote the best interest of the child in adoption." 10 O.S. 2011, §7501-1.2(A)(1). In 10 O.S. 2011, § 7507-1.1, the Legislature enumerates the requirements for the district court to grant an adoption of an adult person:

An adult person may be adopted by any other adult person, with the consent of the person to be adopted or his guardian, if the court shall approve, and with the consent of the spouse, if any, of an adoptive parent, filed in writing with the court. The provisions of Sections [7503-2.1 through 7505-6.4] of this act shall not apply to the adoption of a competent adult person. A petition therefor shall be filed with the district court in the county where the adoptive parents reside. After a hearing on the petition and after such investigation as the court deems advisable, if the court finds that it is to the best interests of the people involved, a decree of adoption may be entered which shall have the legal consequences stated in Section [7505-6.5] of this act. (emphasis added).

¶10 Essentially, § 7507-1.1 provides three prongs for a district court's assessment of an adult adoption: consent, competency, and the best interests of the parties. First, requiring consent from the adoptee and the adopter's spouse, if any, filed with the court, § 7507-1.1 seeks to ensure informed, written consent of all parties involved. Second, by exempting several sections of the Adoption Code where the adoptee is a competent adult, § 7507-1.1 clearly recognizes the inapplicability of these statutory safeguards meant to protect minor children and adults with diminished capacity. These sections include many important considerations such as medical and social histories, which the Legislature found irrelevant to an informed determination of an adoption involving only competent adults. Finally, upon finding both consent and competency, § 7507-1.1.1 authorizes the court's discretion in its best interest determination.

¶11 Based on the low-threshold requirements and exemptions in § 7507-1.1, a best interest determination inherently requires less of a court when considering the interests of competent, consenting adults fully able understand the implications of the adoptive status. Such a non-adverse, mutually agreed upon action between adults does not fall within the type of vulnerable interests the Adoption Code seeks to protect. We find no reason to conclude that the Legislature intended by its silence to prohibit wholesale the vacation of adult adoptions nor to require additional considerations beyond those found in § 7507-1.1. Instead, the Legislature likely found no value in providing such guidance, as it does with adoptions of minor children.

¶12 Even still, requiring inquiry into consent, competency, and the best interests of the parties in granting adult adoptions, § 7507-1.1 provides compelling insight into the Legislature's likely concerns if it was to address terminations of such adoptions. Therefore, in accordance with § 7507-1.1, where competent adults mutually consent in writing to the vacation of a previously granted adult adoption, the district court's reasonable determination of the best interests of the parties should dictate the outcome. The presence of neither bad faith nor fraudulent motive will assist the court in its best interest determination and the vacation should be granted where the court finds these factors missing in the case of consenting adults. Allowing a contrary result would preclude competent adults from a legal remedy to dissolve a previously granted adoption, even when it would serve their best interests. Such an outcome would thwart the overall intent of the Adoption Code.

¶13 Extending only to adult adoptions, this holding does not disrupt the firm understanding that once decreed, adoptions of minor children are meant to continue indefinitely and to provide "a permanent family." 10 O.S. 2011, § 7501-1.2. The term "adult adoption" encompasses only those adoptions granted between parties who both, at the time of decree, had reached the age of majority. 10 O.S. 2011, § 7507-1.1. Thus, the Court's reasoning does not apply to parties involved in adoptions of minor children who after the child reaches the age of majority seek to vacate an adoption decree. Indeed, the Adoption Code addresses the limited time frame within which a district court may vacate an adoption decree involving a minor child. 10 O.S. 2011, §§ 7505-7.2.

¶14 Applying the consent and competency considerations of § 7507-1.1 in the present case, we find no evidence to suggest that vacating the adult adoption would harm the best interests of any party involved. Both Mr. Schultz and Mr. Bruce mutually consent to the vacation of their previously granted adult adoption and, in fact, jointly petition to do so. Likewise, no other party is involved from whom additional consent might be needed. Both Appellants are competent adults able to understand the consequences of the vacation and protect their personal interests. Nothing in the record suggests that either of Appellants' personal motivations in seeking the vacation involve bad faith or threat of harm upon the other or any third party. Accordingly, we reverse and remand to the trial court to grant Appellants' petition to vacate the adult adoption, upon its determination that such a result is in the best interests of the parties.

REVERSED AND REMANDED.

CONCUR: Combs, C.J., Gurich, V.C.J., Kauger, Watt, Winchester, Edmondson, Colbert and Reif, JJ.

FOOTNOTES

[1] Where strict application of a statute "would lead to an inconsistency or incongruity between different parts of the enactment as they bear upon each other, and would produce consequences clearly beyond legislative contemplation, judicial interpretation becomes necessary to avoid such incongruity." State ex rel. Rucker v. Tapp, 1963 OK 37, ¶12, 380 P.2d 260, 264. Likewise,

"where a statute is ambiguous or the literal meaning of the statute would lead to absurd consequences which the Legislature probably did not contemplate, the courts must presume that such consequences were not intended, and should adopt a construction that is reasonable and will avoid an absurdity."

McSpadden v. Mahoney, 1964 OK 260, ¶ 28, 402 P.2d 656, 660 (citing Brown v. State Election Bd., 1946 OK 170, ¶ 11, 170 P.2d 200, 202).






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 1997 OK CIV APP 69, 948 P.2d 1240, 68 OBJ 3833, Hoedebeck v. Hoedebeck
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1940 OK 352, 108 P.2d 162, 188 Okla. 257, KECK v. OKLAHOMA TAX COMM'N
Discussed at Length
 1946 OK 132, 168 P.2d 125, 196 Okla. 675, STEWART v. OKLAHOMA TAX COMM'N
Discussed
 1946 OK 170, 170 P.2d 200, 197 Okla. 169, BROWN v. STATE ELECTION BD.
Discussed
 2001 OK 117, 42 P.3d 863, 72 OBJ 3708, DANIEL v. DANIEL
Discussed
 1963 OK 37, 380 P.2d 260, STATE v. TAPP
Discussed
 1964 OK 260, 402 P.2d 656, McSPADDEN v. MAHONEY
Discussed
 1923 OK 400, 216 P. 917, 90 Okla. 84, OKLAHOMA NATURAL GAS CO. v. CORPORATION COMM'N
Discussed
 2016 OK 36, 369 P.3d 1068, SCOCOS v. SCOCOS
Discussed